1  Perry R. Clark (SB# 197101)
   KIRKLAND & ELLIS LLP
2  555 California Street
3  San Francisco, California 94104
   Telephone: (415) 439-1400
4  Facsimile: (415) 439-1500
   E mail: pclark@kirkland.com
5
   Attorney for Defendants Hitachi, Ltd., Hitachi
6  America, Ltd., Hitachi Data Systems
7  Corporation, and Hitachi Computer Products
   (America), Inc.
8

9  **UNITED STATES DISTRICT COURT**

10 **NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION**

11

12 | **LG ELECTRONICS, INC.,** | ) | |
   | --- | --- | --- |
   | **Plaintiff,** | ) | |
13 | | ) | |
14 | v. | ) | **Case No.: C 01-02187 CW** |
   | | ) | **The Honorable Claudia Wilken** |
15 | **Q-LITY COMPUTERS INC.,** | ) | |
   | **QUANTA COMPUTER INC.,** | ) | |
16 | **and QUANTA COMPUTER USA, INC.** | ) | |
17 | **Defendants.** | ) | |
18 | **LG ELECTRONICS, INC.,** | ) | |
19 | | ) | |
   | **Plaintiff/Counterclaim Defendant,** | ) | |
20 | | ) | |
21 | v. | ) | **Case No.: C 07-06511 PJH** |
   | | ) | **The Honorable Phyllis J. Hamilton** |
22 | **HITACHI, LTD.,** | ) | |
   | **HITACHI AMERICA, LTD.,** | ) | |
23 | **HITACHI DATA SYSTEMS CORPORATION,** | ) | **JURY TRIAL DEMANDED** |
   | **and HITACHI COMPUTER PRODUCTS** | ) | |
24 | **(AMERICA), INC.** | ) | |
25 | | ) | |
   | **Defendants/Counterclaim** | ) | |
26 | **Plaintiffs.** | ) | |

27
28

DECLARATION OF JAMES B. MEDEK IN SUPPORT OF RELATING CASES
Case Nos. C 07-06511 PJH and C 01-02187 CW

# DECLARATION OF JAMES B. MEDEK IN SUPPORT OF RELATING CASES IN RESPONSE TO JUDGE HAMILTON'S REFERRAL FOR PURPOSE OF DETERMINING RELATIONSHIP

I, James B. Medek, state and declare as follows:

1. I am an associate with the law firm of Kirkland & Ellis LLP, counsel for Defendants Hitachi, Ltd.; Hitachi America, Ltd.; Hitachi Data Systems Corporation; and Hitachi Computer Products (America), Inc. in the above-referenced litigation (Case No. C 07-06511 PJH). I am over the age of 18 and am qualified to make this declaration. I have personal knowledge of all the facts listed herein.

2. Attached hereto at Exhibit A is a true and correct copy of the Order Granting Defendants' Motion to Transfer—transferring the above-referenced litigation between LG Electronics, Inc. and Hitachi, Ltd. from the Eastern District of Texas to this District—signed by Judge Ron Clark on December 3, 2007.

3. Attached hereto at Exhibit B is a true and correct copy of the Notice Correcting the Order Granting Defendants' Motion to Transfer, signed by Judge Ron Clark on December 6, 2007.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: February 4, 2008                              /s/ James B. Medek
                                                     James B. Medek

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| LG ELECTRONICS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 9:07-CV-138 |
| v. | § | |
| | § | |
| HITACHI, LTD., ET AL. | § | JUDGE RON CLARK |
| | § | |
| Defendants. | § | |

## ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER

Before the court is Defendants' Motion to Transfer [Doc. # 22] seeking to transfer the action to the Northern District of California pursuant to 28 U.S.C. § 1404(a). Defendants argue that the case should be transferred in the interest of justice and judicial economy.

The patents-in-suit have been actively litigated before the Honorable Claudia Wilken of the Northern District of California for the past six years. Judge Wilken issued claim construction orders and summary judgment rulings, which have been reviewed and remanded by the Federal Circuit. The U.S. Supreme Court has granted defendant's petition for writ of certiorari with respect to the issue of patent exhaustion, and the litigation before Judge Wilken is stayed pending the Supreme Court decision.

While the court is always willing to take the time and effort necessary to become versed in the technology of patents-in-suit, it is evident from the extensive procedural history and the complexity of the technology in this case that Judge Wilken's investment of judicial resources with these patents has been, and continues to be, substantial. Considerations of judicial conomy and reduction of delay strongly favor transferring this case to the Northern District of California, so the motion is granted.

1

# I. Background

Plaintiff LG Electronics, Inc. ("LGE") brought this patent infringement action against Defendants Hitachi, Ltd., Hitachi America, Ltd. ("HAL"), Hitachi Data Systems Corporation ("HDS"), and Hitachi Computer Products (America), Inc. ("HCP") on June 18, 2007. LGE alleges that Defendants infringe one or more claims of U.S. Patent No. 4,939,641 ("the '641 patent"), 5,077,733 ("the '733 patent") and 5,379,379 ("the '379 patent").

LGE is a corporation organized under the laws of the Republic of Korea, with its principal place of business in Korea. Hitachi is a Japanese entity with its principal place of business in Japan. HAL is a New York entity with its principal place of business in California. HDS is a Delaware corporation with its principal place of business in California. HCP is a Delaware corporation with its principal place of business in Oklahoma.

On December 22, 2000, a case involving the patents-in-suit and defendants Asustek Computer, Inc. and Asus Computer International, Inc. was transferred to the Northern District of California. Once transferred to the Northern District of California, the case was presided over by Judge Wilken.

On February 26, 2001, a case involving the patents-in-suit and defendants Advance Creative Computer Corporation and DTK Computer, Inc. was transferred to the Northern District of California. This case was similarly presided over by Judge Wilken.

On June 28, 2002, Judge Wilken held a claim construction hearing and issued an "Order Construing Disputed Terms and Phrases" for, *inter alia,* the patents-in-suit. Judge Wilken subsequently granted Defendants' motion for summary judgment of non-infringement of the '733 patent, '370 patent and two other patents not asserted in the current action.

On July 7, 2006, the Federal Circuit affirmed in-part, reversed in-part, vacated in-part and remanded Judge Wilken's claim construction and summary judgment rulings relating to the patents-in-suit.

On September 25, 2007, the U.S. Supreme Court granted the defendant's petition for writ of certiorari with respect to the issue of patent exhaustion. As a result of the grant of certiorari, the parties agreed that the related litigation in the Northern District of California should be stayed.

On October 1, 2007, Judge Wilken entered a stay - with limited discovery to proceed - pending the Supreme Court's ruling.

Defendants contend that a transfer is appropriate because the court in the Northern District of California has already invested substantial time and resources on the patents-in-suit.

## II. Law

The goal of Section 1404(a) "is to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 809 (1964). The threshold determination to be made under Section 1404(a) is whether the claim could have been filed in the judicial district to which transfer is sought. *In re Volkswagen of America, Inc.*, --- F.3d ---, 2007 WL 3088142, *3 (5th Cir. 2007).[1]

If so, the court's analysis turns to the convenience of the parties and the witnesses. *In re Volkswagen of America, Inc.* 2007 WL 3088142, *3. This determination involves examining

---

[1]The court notes that the Federal Circuit defers to regional circuit law on procedural issues, including transfer of venue under Section 1404(a). *See Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 836 (Fed. Cir. 2003).

several private and public interest factors, none of which are given dispositve weight individually. *Id.* The movant bears the burden of proof in demonstrating that a transfer is warranted. *See Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). To meet this burden, the moving party must show "good cause" exists to transfer the case. *See In re Volkswagen of America, Inc.* 2007 WL 3088142, *7.

In determining whether an action should be transferred under Section 1404(a), the court must consider several private and public interest factors. *In re Volkswagen of America, Inc.* 2007 WL 3088142, *3. The private interest factors include: (1) plaintiff's choice of forum; (2) the convenience of parties and witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance of witnesses and availability of compulsory process; (5) the accessibility and location of sources of proof; and (6) the possibility of delay and prejudice if transfer is granted. *Id*. The public interest factors consist of (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws. *Id.*

### III. Analysis

LGE does not dispute, and the court agrees, that this case could have initially been brought in the Northern District of California. Therefore, the court now turns to the convenience of the parties and witnesses and the interest of justice. The court will address the interest of justice considerations first, as they are more compelling in the present case.

**A. Public Interest Factors**

      1. Judicial Economy and Administrative Difficulties

      LGE points out that this court has a faster time to trial than courts in the Northern District of California. Although this may be true, in cases that involve a highly technical subject matter, judicial economy favors transfer to a court that is already familiar with the issues involved in the case. *Regents of the University of California v. Eli Lilly & Co.,* 119 F.3d 1559, 1565 (Fed. Cir. 1997).

      Judge Wilken reviewed tutorials on the technology at issue, conducted a claim construction proceeding, issued a sixty-three page claim construction order, held a hearing on dispositive motions and issued an order on the summary judgment motions. Much of the work already performed by Judge Wilken would be duplicated in this case, which would unnecessarily consume judicial resources. Judge Wilken's familiarity with the technology and the patents-in-suit counterbalances the expediency of this court's docket.

      LGE argues that this case involves different technology than the California litigation because the California litigation was limited to personal computers and notebooks, whereas this case involves servers and storage systems. Although the accused products in this case are different, the personal computers accused in the California litigation obtain their alleged infringing functionality from the circuit boards very similar to the ones at issue in this litigation.

      LGE also contends that judicial economy will not be served by transferring this case because Judge Wilken's claim construction has already been reviewed, and it is unlikely that this court would reject the construction of a term already decided by the Federal Circuit. There are 61 claims among the patents-in-suit. It is unlikely that the parties will agree to skip any further

claim construction proceedings and simply adopt all constructions already made.

Therefore, judicial economy considerations strongly favor transferring this case to the Northern District of California.

### 2. Local Interest in Adjudicating Local Disputes

Defendants argue that Texas has no interest in deciding this litigation while California has a great interest in this litigation as the subsidiaries of Hitachi maintain their primary place of business in California.

This is largely a suit between a Korean entity and a Japanese parent company. On the other hand, allegedly infringing products are sold to the residents of the Eastern District of Texas, and potential acts of infringement affect the residents of this state. Thus, this factor may support transfer.

### 3. The Unfairness of Burdening Citizens in an Unrelated Forum with Jury Duty

Because the alleged infringement has occurred in this district, the court finds that the citizens of Texas have an interest in adjudicating this suit. It follows that the jury pool in this District will not be unduly burdened in deciding this matter. Consequently, this factor does not weigh in favor of transfer.

### 4. The Avoidance of Unnecessary Problems in Conflict of Laws

This factor is not a concern in a patent case where there are no pendent state law claims. This factor bears no weight in the transfer analysis.

**B. Private Interest Factors**

      1. Plaintiff's Choice of Forum

Defendants argue that the court should not give any deference to the plaintiff's choice of forum. While the Fifth Circuit recently clarified that a plaintiff's choice of forum is not controlling, a plaintiff's choice of forum should still be considered. *In re Volkswagen of America, Inc.* 2007 WL 3088142, *7.

LGE chose to file its case in this forum. Venue in a patent case is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). The patent venue statute is far more expansive than the general venue statute[2] and gives a plaintiff broader discretion in which the plaintiff chooses to bring the suit. When a transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed. *Id.*

Accordingly, this factor weighs against transfer. LGE's choice is not determinative in this case primarily because the transferee forum is clearly more convenient given the pending litigation before Judge Wilken.

      2. The Convenience of the Parties and Material Witnesses

The convenience of the witnesses is an important factor in deciding whether a case should be transferred pursuant to § 1404(a).

---

[2] 28 U.S.C. § 1391(b) provides for venue in a federal question case:
A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

7

Patent litigation is different from personal injury or products-liability cases. In personal injury cases, the evidence and witnesses are heavily linked to the place where the injury occurred. *See In re Volkswagen of America, Inc.* 2007 WL 3088142 (5th Cir. 2007)(holding that the factors weighed heavily in favor of transfer to the division where the car accident occurred because the witnesses, wreckage, police, paramedics and car dealership were located there).

Witnesses in patent cases are typically more dispersed. LGE is located in Korea, and the Hitachi parent company is in Japan. The inventors who created the patents-in-suit and the attorneys who prosecuted the patent application were located in Massachusetts. Defendants acknowledge that the design, development and manufacturing of the accused products is conducted in Japan. Unlike a personal-injury case, a patent case typically involves gathering witnesses, documents, and experts from all over the country, and often the world. Thus, the reality in a patent case is that no forum can be convenient for everyone. This court regularly allows counsel to participate telephonically in hearings, other than trials. Therefore, the locations of the parties and the witnesses do not favor transfer.

In sum, Defendants have failed to demonstrate that transfer to the Northern District of California substantially increases the convenience of any key witness, and the witness convenience factor weighs against transfer.

      3. Place of the Alleged Wrong

Defendants admit in their Answer that: a) HAL is involved in the sale, offer for sale, and importation of server products into Texas; b) HDS was previously involved in the sale, offer for sale, and importation of personal computers in Texas; and c) HCPA is involved in the manufacture, sale offer for sale, and importation of storage systems into Texas.

Because the alleged infringing products are both offered for sale and sold in this district, this factor does not weigh in favor of transfer of venue.

### 4. The Cost of Obtaining the Attendance of Witnesses and Availability of Compulsory Process

Defendants have not presented evidence that any witnesses within the range of the subpoena power through any court within 100 miles of the witness would be unable to travel to the Eastern District of Texas to testify.

In any case, with modern video deposition technology, the need for many witnesses to travel at all is reduced or eliminated. This is especially true for witnesses whose credibility cannot seriously be challenged, even if there is a dispute over the effect of some technical data they produce, or a witness with background information needed to establish a basis for more crucial testimony by an expert. Moreover, there has been no showing that the availability of compulsory process is an issue. This factor does not weigh in favor of transfer.

### 5. The Accessibility and Location of Sources of Proof

Defendants did not present evidence that the location of its documents and source code outside the Eastern District of Texas works a substantial hardship. Additionally, documentary evidence is routinely transmitted electronically. There is no suggestion that the documents needed for a hearing or trial are so voluminous in this case that they cannot be easily transferred, or that they would not be capable of being stored electronically and transferred in that manner. This factor does not weigh in favor of transfer.

### 6. The Possibility of Delay and Prejudice if Transfer is Granted

This court would likely stay the current litigation pending a decision from the U.S.

9

Supreme Court involving the patents-in-suit.  Judge Wilken is already familiar with the issues and would waste no time in learning the technology, or "getting a feel" for the case and the parties.  The parties already know how the local rules will be applied in this case in her court, so discovery disputes should be minimized.  Accordingly, this factor weighs strongly against transfer.

Except for delay, the private interest factors weigh against transfer.  As to public factors the pending litigation before Judge Wilken and the appeal with the U.S. Supreme Court will play an important role in this case.  Together, the public interest factors and avoiding delay weigh strongly in favor of transfer.

IT IS THEREFORE ORDERED that Defendants' Motion to Transfer to the Venue [**Doc. # 22**] is **GRANTED**.  The court transfers this case to the United States District Court for the Northern District of California.  The Clerk of that Court should be notified that this case is related to cases in Judge Wilken's court.

So **ORDERED** and **SIGNED** this **3**   day of **December, 2007.**

_____
Ron Clark, United States District Judge

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| LG ELECTRONICS, INC., | § § | |
| *Plaintiff*, | § § | Civil Action No. 9:07-CV-138 |
| v. | § § | |
| HITACHI, LTD., ET AL. | § § | JUDGE RON CLARK |
| *Defendant*s. | § § | |

## NOTICE

The court *sua sponte* makes the following correction to the Order Granting Motion to Change Venue [Doc. #32, p. 10 of 10] signed December 3, 2007. The sixth private interest factor, the "Possibility of Delay and Prejudice if Transfer is Granted," weighs strongly <u>in favor</u> of transfer for the reasons stated in the order.

So **ORDERED** and **SIGNED** this **6**   day of **December, 2007.**

_____
Ron Clark, United States District Judge

1