DAVID T. PRITIKIN (*Pro Hac Vice* Admission Pending)
dpritikin@sidley.com
PETER H. KANG (SBN 158101)
pkang@sidley.com
THOMAS N. TARNAY (*Pro Hac Vice* Admission Pending)
ttarnay@sidley.com
MARC R. ASCOLESE (SBN 251397)
mascolese@sidley.com

SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104-1715
Telephone:   415-772-1200
Facsimile:   415-772-7400

Attorneys for Plaintiff
LG Electronics, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LG ELECTRONICS, INC., <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> ASUSTEK COMPUTER, INC., ET AL. <br>————————————————/ <br> ADVANCE CREATIVE COMPUTER CORP., ET AL. <br>————————————————/ <br> BIZCOM ELECTRONICS, INC., COMPAL ELECTRONICS, INC., and SCEPTRE TECHNOLOGIES, INC. <br>————————————————/ <br> Q-LITY COMPUTER, INC., QUANTA COMPUTER, INC., and QUANTA COMPUTER USA, INC. <br>————————————————/ <br> HITACHI, LTD., HITACHI AMERICA, LTD., HITACHI DATA SYSTEMS CORPORATION, and HITACHI COMPUTER PRODUCTS (AMERICA), INC., <br><br> Defendants and Counterclaimants. | Case No:   4:01 CV 0326 CW <br>             4:01 CV 1070 CW <br>             4:01 CV 1375 CW <br>             4:01 CV 2187 CW <br><br> Proposed Related <br> Case No:   3:07 CV 6511 PJH <br><br> **PLAINTIFF LG ELECTRONICS INC.'S RESPONSE IN OPPOSITION TO RELATING CASES** |

I. **INTRODUCTION**

The recently-filed patent case involving LG Electronics, Inc. ("LGE") and Hitachi, *LG Electronics, Inc. v. Hitachi, Ltd., et al.,* No. 3:07-CV-6511 ("the recently-filed case"), need not be related to *LG Electronics Inc. v. Q-Lity Computer Inc. et al*, No. 4:01-CV-2187 ("the Quanta case") or other closed cases simply because the same patents are involved. The Quanta case is almost ready for trial, whereas the recently-filed case has just started; the products involved in the two cases are completely separate; and the mere overlap in patents alone does not risk inconsistent results.

Although the recently-filed case was transferred from the Eastern District of Texas because of the Quanta case (*See LG Electronics, Inc. v. Hitachi, Ltd., et al.,* No. 9:07-CV-138, 2007 WL 4411035 (E.D. Tex. Dec. 3, 2007)), Judge Hamilton asks Judge Wilken to determine whether the recently-filed case is related to the following four cases including the Quanta case (collectively, the "consolidated cases"):

*LG Electronics, Inc. v. Asustek Computer, Inc., et al.,* No. 4:01-CV-326 (closed);

*LG Electronics, Inc. v. Advanced Creative Comp. Corp., et al.,* No. 4:01-CV-1070 (closed);

*LG Electronics, Inc. v. Bizcom Electronics, Inc., et al.,* No. 4:01-CV-1375 (closed); and

*LG Electronics, Inc. v. Q-Lity Computer, Inc., et al.,* No. 4:01-CV-2187.

LGE respectfully submits that the recently-filed case is <u>not</u> related to the consolidated cases because: (1) there will not be an unduly burdensome duplication of labor and expense if the cases are conducted before different Judges because the recently-filed case involves products and technology very different from that in the consolidated cases, requiring new effort from *any* judge; (2) there will not be an unduly burdensome duplication of labor and expense because claim construction of the patents-in-suit is already established, and can be applied by *any* judge; (3) there will not be an unduly burdensome duplication of labor and expense because the recently-filed case and the only pending consolidated case, the Quanta case, are at vastly different procedural stages, significantly reducing any ongoing efficiencies; and (4) there is no risk of conflicting results if the cases are conducted before different judges because claim construction of the patents-in-suit is already established.

-1-

PLAINTIFF LG ELECTRONICS INC.'S RESPONSE IN OPPOSITION TO RELATING CASES
CASE NOS. 4:01 CV 2187 CW AND 3:07 CV 6511 PJH

1    Because the standard set forth in Civil Local Rule 3-12(a) is not satisfied, LGE respectfully
2    requests this Court find these cases not related, and that Judge Hamilton should retain jurisdiction
3    over the recently-filed case.

4    **II.    LEGAL STANDARD**

5    Civil Local Rule 3-12(a) provides that an action is related to another when:

6    (1) The actions concern substantially the same parties, property, transaction or event; and

7    (2) It appears likely that there will be an unduly burdensome duplication of labor and
8    expense or conflicting results if the cases are conducted before different Judges.

9    Civil L.R. 3-12(a).

10   **III.   ARGUMENT**

11   Although the recently-filed case involves three patents (U.S. Patent No. 4,939,641; U.S.
12   Patent No. 5,077,733; and U.S. Patent No. 5,379,379) also involved in the consolidated cases, that
13   the matters involve the same patents, alone, is insufficient to justify relating the cases. The recently-
14   filed case and the only pending one of the consolidated cases, the Quanta case, involve different
15   parties, different counsel, and separate accused products and technology. For the purposes of this
16   opposition, the Quanta case exemplifies the technical differences between *all* of the defendants in
17   the consolidated cases and the recently-filed case. The recently-filed case and the Quanta case are at
18   vastly different procedural stages, and the remaining consolidated cases have been closed for some
19   time. The recently-filed case should not be reassigned to Judge Wilken, because there is no "unduly
20   burdensome duplication of labor" or likelihood of "conflicting results" that would result should
21   Judge Hamilton retain jurisdiction.

22   **A. No Labor is Saved Because the Cases Involve Separate Products and Technologies.**

23   The defendants, accused products, their components, and underlying technology involved in
24   the recently-filed case and the Quanta case are completely separate. There is no legal relationship
25   between the Hitachi defendants and the Quanta defendants, or any of the defendants from the closed
26   matters. Hitachi and Quanta are completely different companies. Hitachi's parent company is
27   headquartered in Japan; Quanta is headquartered in Taiwan.

28

-2-

PLAINTIFF LG ELECTRONICS INC.'S RESPONSE IN OPPOSITION TO RELATING CASES
CASE NOS. 4:01 CV 2187 CW AND 3:07 CV 6511 PJH

While LGE firmly believes that *both* the Hitachi defendants, and the defendants in the Quanta case, infringe the LGE patents, the Hitachi and Quanta infringing products are completely separate, are made and sold by different companies, and necessarily involve different evidence. Large numbers, if not all, of the Hitachi products are based on technology and components that have not been considered by Judge Wilken in the Quanta case, or in the other consolidated cases. The Quanta case involves personal and notebook computers limited to those sold prior to December 2002, and using in relevant part, components manufactured by Intel Corporation, such as processors and chipsets. *See LG Electronics, Inc. v. Q-Lity Computer Inc., et al.,* 211 F.R.D. 360, 373-374 (N.D. Cal. 2002). None of the Hitachi products are involved in any way in the consolidated cases, and the types of products that are at the heart of the recently-filed case – Hitachi blade servers and storage systems – are not the subject of the Quanta case.

Hitachi's accused storage systems are generally large devices, typically part of the network infrastructure located in an organization's data center, and are used in a network to provide computer storage capacity to many users. *See* Exhs. A-J[1]. These Hitachi storage systems are certainly not the same things as personal and notebook computers, and Hitachi's own material clearly demonstrates that difference. *Id.* Because the Hitachi lawsuit was filed in 2007, and because the Quanta case focuses on products sold before December 2002, the types of components at issue in the two cases do not overlap. Similarly, none of the Hitachi blade servers were at issue or were considered by Judge Wilken in the Quanta case. *See id.* Exhs. K-M. The accused blade servers do use Intel processors, but these processors were not introduced until 2006, well beyond the December 2002 cutoff for Judge Wilken's consideration in the Quanta matter. *See* Exhs. N-S. None of the relevant integrated circuit components, made by Hitachi and others, for the Hitachi blade-server and storage products would have been considered in the Quanta matter.

Thus, there is neither overlap in the accused products nor overlap in the underlying components. These significant differences between the recently-filed case and the consolidated

---

[1] Pursuant to Civil Local Rule 7-5, LGE files herewith the Declaration of Marc R. Ascolese. References to Exhibits A-S are to exhibits attached to that declaration.

-3-

PLAINTIFF LG ELECTRONICS INC.'S RESPONSE IN OPPOSITION TO RELATING CASES
CASE NOS. 4:01 CV 2187 CW AND 3:07 CV 6511 PJH

cases mean that there is little, if any, efficiency in having Judge Wilken preside over the recently-filed case.  Consequently, there would be little or no duplication of effort, and certainly no "unduly burdensome duplication of labor" should Judge Hamilton remain assigned to this case.

### B.  No Labor is Saved Because Claim Construction is Complete.

Construing the patent claims represents the vast majority of labor by any judge in understanding patents-in-suit.  The claims of the patents-in-suit have already been interpreted, and those constructions have been reviewed by the Federal Circuit.  With the claim construction set forth by Judge Wilken's prior order and the Federal Circuit, there is no need for *any* judge to expend undue effort to become familiar with the patents.  The amount of effort required by a judge other than Judge Wilken to become familiar with the patents should be very modest, especially as compared to a case in which there has not been a prior Federal Circuit opinion.  To the extent additional claim construction is required in this case, any such further claim construction would simply supplement the interpretations already established.

### C.  No Labor is Saved Because the Matters are at Vastly Different Procedural Stages.

Of the consolidated cases, all but the Quanta case have been closed for some time.  The recently-filed case and the Quanta case are in completely different stages of litigation.  In the Quanta case, almost all discovery has been completed and the case is almost ready for trial.  *See LG Elecs., Inc. v. Q-Lity Computer Inc., et al.,* No. 4:01-CV-2187, 2007 WL 2904057 (N.D. Cal. Oct. 1, 2007).  In stark contrast, this case is only just beginning.  No discovery has been taken, and the initial case management conference is almost two and a half months away.  Moreover, Hitachi and Quanta do not share counsel.  The Hitachi defendants are represented by Kirkland & Ellis, while Quanta is represented by Paul Hastings.  Like all new cases, over the coming months the main focus will be on discovery issues, and there is no particular added efficiency in Judge Wilken presiding over this phase of the case, as compared to Judge Hamilton.  Thus, there will be no significant duplication of labor, and certainly no "unduly burdensome duplication of labor," should this case and the consolidated cases be heard by different judges.

### D.  No Likelihood of Conflicting Results Because Claim Construction is Complete.

As noted above, the claims of the patents-in-suit have already been interpreted, and those

-4-

constructions have been reviewed by the Federal Circuit. With the claim construction established in the Quanta case by Judge Wilken's prior order and the Federal Circuit, there is little or no need for additional claim construction. Judge Hamilton will, as a practical matter, more than likely follow and apply the established claim construction, particularly since this construction has been reviewed by the Federal Circuit. The likelihood that additional claim construction would create conflicting results is remote. The Quanta matter is advanced and is unlikely to generate any further claim construction. To the extent additional claim construction is required in the recently-filed case, any such further claim construction would simply supplement the interpretations already established. Thus, there is no likelihood of conflicting results that would result should Judge Hamilton retain jurisdiction.

## IV.    CONCLUSION

The consolidated cases, including the Quanta case, and the recently-filed Hitachi case are not related, are not duplicative factually, do not involve the same products or defendants, are at completely different stages of preparation, and involve different counsel. Even the Eastern District of Texas court acknowledged that the *only* reasons supporting transfer from the Eastern District of Texas to the Northern District of California, are Judge Wilken's experience with the patents-in-suit, and her perceived experience with the underlying technology of the accused devices in this matter. *See LG Electronics, Inc. v. Hitachi, Ltd., et al.,* No. 9:07-CV-138, 2007 WL 4411035 (E.D. Tex. Dec. 3, 2007). In all other respects, the Eastern District of Texas court concluded that there was no reason for the case to be before any other particular judge. *Id.* But, as demonstrated above, since claim construction is established by the Federal Circuit, Judge Wilken's experience with the patents-in-suit at best gives her only a modest advantage as compared with Judge Hamilton, and her lack of experience with Hitachi's accused products and their components means she has no particular technical advantage. No burdensome duplication of labor will result from not relating these cases, nor will there be any risk of conflicting results.

For these reasons, LGE respectfully submits that the Court should not relate the recently filed-case and the consolidated cases.

-5-

PLAINTIFF LG ELECTRONICS INC.'S RESPONSE IN OPPOSITION TO RELATING CASES
CASE NOS. 4:01 CV 2187 CW AND 3:07 CV 6511 PJH

1 | Dated: February 6, 2008                          SIDLEY AUSTIN LLP

By:   /s/   Peter H. Kang
                    Peter H. Kang

Attorneys for Plaintiff
LG Electronics, Inc.

-6-

# CERTIFICATE OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is Sidley Austin LLP, 555 California Street, San Francisco, California 94104.

On Febryary 6, 2008, I served the following document(s) described as

**PLAINTIFF LG ELECTRONICS INC.'S RESPONSE IN OPPOSITION TO RELATING CASES**

on all interested parties in this action as follows (the above documents were also served to registered ECF recipients via electronic service):

**Claude Edward Welch**
Law Offices of Claude E. Welch
P.O. Box 1574
Lufkin, TX 75902
936-639-3311
Fax: 936-639-3049

**Eric Hugh Findlay**
Ramey & Flock
100 East Ferguson, Suite 500
Tyler, TX 75702
903-597-3301
Fax: 903-597-2413

☒ (U.S. MAIL) I served the foregoing document(s) by U.S. Mail, as follows: I placed true copies of the document(s) in a sealed envelope addressed to each interested party as shown above. I placed each such envelope for collection and mailing at Sidley Austin LLP, San Francisco, California. I am readily familiar with the Firm's business practice for collection and processing of correspondence for mailing. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business, with postage thereon fully prepaid.

☐ (FACSIMILE) I caused the foregoing document(s) to be served by facsimile transmission from facsimile machine number (415) 772-7400 to the interested party at the facsimile telephone numbers shown. Each transmission was reported as complete and without error. A transmission report was properly issued by the sending facsimile machine for each interested party served.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 6, 2008, at San Francisco, California.

*/s/ Marc R. Ascolese*
Marc R. Ascolese