1

2

3

4

5

6

7                IN THE UNITED STATES DISTRICT COURT

8            FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10

LG ELECTRONICS, INC.,                    No. C 01-02187 CW

11        Plaintiff,

12     v.

13 Q-LITY COMPUTER, et al.,

14        Defendants.

15 _____

16 LG ELECTRONICS, INC.,                    No. C 07-06511 CW

17        Plaintiff,                        CASE MANAGEMENT
                                            SCHEDULING ORDER FOR
18     v.                                   REASSIGNED CIVIL
                                            CASE
19 HITACHI, LTD., et al,

20        Defendants.
   _____/

21

22     These actions having been related and assigned to the undersigned

23 judge,

24     IT IS HEREBY ORDERED that a Case Management Conference will be

25 held in both of the above-captioned cases on **April 15, 2008, at 2:00**

26 **p.m.,** in Courtroom 2, 4th Floor, 1301 Clay Street, Oakland, CA  94612.

27 Pursuant to Civil L.R. 16-9(a), a joint Case Management Statement will

28 be due seven (7) days prior to the conference.

1    These cases have been designated for the Court's Electronic
2    Case Filing (ECF) Program.   Pursuant to General Order 45, each
3    attorney of record is obligated to become an ECF user and be assigned
4    a user ID and password for access to the system.   All documents
5    required to be filed with the Clerk shall be filed electronically on
6    the ECF website, except as provided otherwise in section VII of
7    General Order 45 or authorized otherwise by the court.
8        IT IS SO ORDERED.
9
10   Dated:  February 13, 2008
11                                    _____
12                                    CLAUDIA WILKEN
                                      UNITED STATES DISTRICT JUDGE
13
14
15
16
17
18
19
20
21
22
23
24
25
26   (Rev. 10/10/07)
27
28

1

2

3

<u>NOTICE</u>

4      **Case Management Conferences and Pretrial Conferences** are
conducted on **Tuesdays** at 2:00 p.m.  **Criminal Law and Motion** calendar
5  is conducted on **Wednesdays** at 2:00 p.m. for defendants in custody and
2:30 p.m. for defendants not in custody.  **Civil Law and Motion**
6  calendar is conducted on **Thursdays** at 2:00 p.m.  Order of call is
determined by the Court.  Counsel need not reserve a hearing date for
7  civil motions; however, counsel are advised to check the legal
newspapers or the Court's website at www.cand.uscourts.gov for
8  unavailable dates.

9      Motions for Summary Judgment:  All issues shall be contained
within one motion of 25 pages or less, made on 35 days notice.  (<u>See</u>
10  Civil L.R. 7-2).  Separate statements of undisputed facts in support
of or in opposition to motions for summary judgment will not be
11  considered by the Court.  (<u>See</u> Civil Local Rule 56-2(a)).  The motion
and opposition should include a statement of facts supported by
12  citations to the declarations filed with respect to the motion.
Evidentiary and procedural objections shall be contained within the
13  motion, opposition or reply; separate motions to strike will not be
considered by the Court. Any cross-motion shall be contained within
14  the opposition to any motion for summary judgment, shall contain 25
pages or less, and shall be filed 21 days before the hearing.  The
15  reply to a motion may contain up to 15 pages, shall include the
opposition to any cross-motion, and shall be filed 14 days before the
16  hearing.  (<u>See</u> Civil Local Rule 7-3).  The Court may, *sua sponte* or
pursuant to a motion under Civil L.R. 6-3, reschedule the hearing so
17  as to give a moving party time to file a reply to any cross-motion.

18      All discovery motions are referred to a Magistrate Judge to be
heard and considered at the convenience of his/her calendar.  All such
19  matters shall be noticed by the moving party for hearing on the
assigned Magistrate Judge's regular law and motion calendar, or
20  pursuant to that Judge's procedures.

21      Pursuant to General Order 45,§ VI.G, "In all cases subject to
ECF, in addition to filing papers electronically, the parties are
22  required to lodge for chambers **no later than noon on the business day
following the day that the papers are filed electronically,** one paper
23  copy of each document that is filed electronically."

24

25  (rev. 10/10/07)

26

27

28

**STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA**

**CONTENTS OF JOINT CASE MANAGEMENT STATEMENT**

Commencing March 1, 2007, all judges of the Northern District of California require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.    <u>Jurisdiction and Service</u>:  The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.    <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.    <u>Legal Issues</u>: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.    <u>Motions</u>: All prior and pending motions, their current status, and any anticipated motions.

5.    <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.    <u>Evidence Preservation</u>: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.    <u>Disclosures</u>: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.    <u>Discovery</u>: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.    <u>Class Actions</u>: If a class action, a proposal for how and when the class will be certified.

10.    <u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.    <u>Relief</u>: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated.  In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.    <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.    <u>Consent to Magistrate Judge For All Purposes</u>: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.    <u>Other References</u>: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    <u>Narrowing of Issues</u>: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.    <u>Expedited Schedule</u>: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.    <u>Scheduling</u>: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.    <u>Trial</u>: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.    <u>Disclosure of Non-party Interested Entities or Persons</u>: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.  **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either:  (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.