**Counsel Listed on Signature Page**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LG ELECTRONICS, INC., ) | Case No:  4:07 CV 6511 CW |
| Plaintiff/Counterclaim Defendant, ) | |
| v. ) | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER; RULE 26(f) REPORT** |
| HITACHI, LTD., HITACHI AMERICA, LTD., HITACHI DATA SYSTEMS CORPORATION, and HITACHI COMPUTER PRODUCTS (AMERICA), INC., ) | |
| Defendants and Counterclaimants. ) | |

Pursuant to the Court's February 13, 2008 Case Management Scheduling Order for Reassigned Civil Case, Plaintiff LG Electronics Inc. ("LGE") and Defendants Hitachi, Ltd., Hitachi America, Ltd. ("HAL"), Hitachi Data Systems Corporation ("HDS"), and Hitachi Computer Products (America), Inc. ("HCPA") (collectively "Defendants") hereby submit the following combined Case Management Statement and Rule 26(f) Report regarding this matter. Also addressed in this joint report are the requirements of Patent L.R. 2-1(a)(1)-(5).

## I.   CASE MANAGEMENT CONFERENCE STATEMENT

### 1.   Jurisdiction and Service

The parties agree that the Court has subject matter jurisdiction over all claims and counterclaims pursuant to 28 U.S.C. §§1331 and 1338. No factual issues relating to service of process or personal jurisdiction remain unresolved. All named parties have been served or have accepted service of process.

### 2.   Facts

This is an action for patent infringement brought by LG Electronics against Defendants Hitachi, Ltd., Hitachi America, Ltd., Hitachi Data Systems Corporation, and Hitachi Computer Products (America), Inc. On June 18, 2007 LGE filed its complaint in the Eastern District of Texas asserting that Defendants infringe, are contributing to the infringement of, or are inducing others to infringe, U.S. Patent Nos. 4,939,641; 5,077,733 and 5,379,379 (collectively, "the Patents-In-Suit"). On October 22, 2007, Defendants filed a motion to change venue. On December 3, 2007, the Court granted that motion and transferred the case to the Northern District of California.

### 3.   Legal Issues

a.   Whether Defendants directly or indirectly infringe any claim of the Patents-in-Suit.

b.   The amount of damages suffered by LGE due to the alleged infringement.

c.   Whether the Patents-in-Suit are valid.

### 4.   Motions

No motions are pending, and due to the early stage of this lawsuit, it is difficult to estimate which motions may be anticipated in the future.

-1-

**5.     Amendment of the Pleadings**

Based on the information now available, the parties do not currently anticipate amending their claims or defenses, but reserve the right to do so – subject to leave of Court if required – if further information indicates that amendment would be appropriate.

**6.     Evidence Preservation**

The parties have taken steps to preserve evidence relevant to the issues reasonably evident in this action. As set forth below in section 8, the parties have reached certain agreements about electronically stored information.

**7.     Disclosures**

The parties intend to serve their initial disclosures under Fed. R. Civ. P. 26(a)(1) by April 15, 2008.

**8.     Discovery**

No discovery has been taken to date. The parties believe that modifications to the limitations on discovery are desirable.

<u>The parties agree to:</u>

60 Interrogatories per side.

Unlimited requests for admission for document authentication.

60 requests per side for admissions for all other purposes.

A total of 160 hours per side for depositions, including third party and Rule 30(b)(6) depositions, but excluding expert depositions. For depositions conducted through a translator, twice as many deposition hours will be permitted compared to any corresponding limit were the deposition not translated. Additionally, two hours of a translated deposition will count as one hour of deposition against the total deposition time allotted to each side.

No limitation on number of subpoenas to 3rd parties (depositions of third parties to count against the 160 hour deposition cap).

A limit of 7 hours per expert report for expert depositions.

The parties have not yet reached agreement on the location for party depositions.

-2-

1     That depositions on written questions of custodians of business records for third parties be
2 allowed.

3     Except for good cause shown, Defendants collectively may propound only four (4) sets of
4 Rule 30(b)(6) deposition notices to Plaintiff LGE, and LGE may propound a total of only five (5)
5 sets of Rule 30(b)(6) deposition notices among the Defendants.  The noticing party shall be entitled
6 to specify the order in which the topics shall be addressed.  The responding party shall be entitled to
7 specify which of the topics of the notice shall be addressed by each of its designated witnesses.  The
8 topics in a noticed 30(b)(6) deposition need not be completed in their entirety in a single continuous
9 deposition session, except that, for any one deponent designated to testify for certain categories of a
10 30(b)(6) notice, that deponent's deposition as a 30(b)(6) deponent shall be completed in one
11 continuous deposition session absent agreement of the parties or good cause shown (this
12 consideration will normally take precedent over the noticing party's right "to specify the order in
13 which the [30(b)(6)] topics shall be addressed").

14     The parties agree to attempt to schedule the 30(b)(6) deposition sessions at the convenience
15 of the witnesses, and to provide reasonable notice to each other in advance of a 30(b)(6) deposition
16 of both the topics that deponent will address and the deponent.  To the extent a person would travel a
17 considerable distance to testify as a 30(b)(6) deponent, the parties agree to explore the possibility of
18 deposing that person in his individual capacity at an adjacent time frame.

19     The parties have not reached agreement on the location of depositions.  The parties wish to
20 reserve the right to appoint overseas locations as the place for depositions (e.g., Japan as a place for
21 depositions of certain Hitachi personnel, and South Korea as a place for depositions of certain LGE
22 personnel).  However, the parties agree to consider conducting depositions of parties and party
23 employees within the continental United States at a reasonably convenient location that takes into
24 account the location of the witness and the parties' counsel; and that the party producing the witness
25 for deposition will specify the deposition location.

26     The parties have discussed the preservation and electronic production of electronically-stored
27 and hard copy information.  The parties have agreed that, when possible, electronically-stored
28 documents in English that are text-searchable in their native form will be produced in searchable .tiff

-3-

images with appropriate bates numbers and confidentiality designations and with load files that denote document breaks (i.e., production in native format will not be required, although the parties may later agree to produce certain financial information in native Excel format to facilitate use by each side's damages experts); and Plaintiff further agrees to produce such so as to be compatible for use with a Concordance database with an Opticon viewer and Defendants further agree to produce such so as to be compatible for use with a Concordance database with an iPro viewer to the extent the parties can do so without undue burden or expense. Neither party will be obligated to render a document that is not searchable in its native format to searchable form for the purposes of producing the document. As to documents written primarily in languages other than English (primarily Japanese and Korean documents), the parties are considering whether it is technically feasible and economically viable to have a mutual production of text searchable documents. The parties are presently discussing whether, absent agreement between the parties, such documents should be produced in a default format, such as .pdf or .tiff with appropriate confidentiality designations. For all documents, if the documents being produced are already available in .pdf but not .tiff format, then such documents may be produced in .pdf, rather than .tiff, if the producing party prefers.

For CAD, schematic, software, integrated circuit HDL and other similar technical files, where technical content thereof can be shown in a practicably useable manner in .pdf format, such files may be produced in .pdf format at a resolution where all information is readable, provided however, that such documents will be provided, subject to safeguards established in the protective order, in native machine readable format if requested by the receiving party, subject to the producing party's ability to object to same to the extent unduly burdensome.

For documents which are in paper form, such documents may be produced in paper form, if the producing party prefers.

The parties have further agreed in principle that no electronic mail or electronic mail documentation will be searched or produced unless good cause for the production can be shown. The parties will meet and confer as to good cause on this issue. The parties agree, without limiting further instances of good cause, that good cause to search and produce electronic mail exists when electronic mail is reasonably likely to reveal communications or the authorship, receipt, timing,

-4-

meaning, or context of specific key documents or events that the receiving party identifies as material to a fact or issue in dispute, and such information is not readily and economically available through other forms of discovery. To the extent that the discovery sought is considered unduly burdensome by the producing party, the producing party can object on that basis and seek relief from the Court. The parties further agree in this regard, however, that neither party need deviate from the practices it normally exercises with regard to preservation of such "electronic mail or electronic mail documentation" when not in anticipation of litigation (e.g., recycling of back-up tapes is permitted).

The parties have further agreed that no metadata (as used herein to refer to electronically stored information about the document that does not appear on the face of the original document if emailed or printed), audio, or video information will be searched or produced without good cause and further subject to the producing party's claim of undue burden or cost. The parties further agree in this regard, however, that neither party need deviate from the practices it normally exercises with regard to preservation of such "metadata," "audio, or video information" when not in anticipation of litigation.

The parties agree that good cause to search and produce metadata exists when such metadata is reasonably likely to reveal the date, author, or recipient of specific key documents that the party identifies as material to a fact or issue in dispute, and such information is not reasonably available through other forms of discovery.

The parties have agreed in principle that materials retained in tape, floppy disk, optical disk, or similar formats primarily for back-up or disaster recovery purposes should be considered not reasonably accessible under Federal Rule 26(b)(2)(B) and, accordingly, should not be subject to production unless specific facts demonstrate a particular need for such evidence that justifies the burden of retrieval. The parties have further agreed that archives stored on computer servers, external hard drives, notebooks, or personal computer hard drives that are created for disaster recovery purposes and not used as reference materials in the ordinary course of a party's business operations need not be searched or produced absent good cause, and further subject to the producing party's claim of undue burden or cost. The parties further agree in this regard, however, that neither party need deviate from the practices it normally exercises with regard to preservation of such "tape,

floppy disk, optical disk, or similar formats primarily for back-up or disaster recovery purposes" when not in anticipation of litigation (e.g., recycling of back-up tapes is permitted).

The parties agree in principle to an approach whereby Defendants need only produce documents sufficient to show the structure, function, and operation of that which is accused—subject to the right of Plaintiff to request and receive additional such information. The parties further agree in principle to working together to apply this same sufficient-to-show approach to document production where possible—subject to the right of the other party to request and receive additional such information. Similarly, the parties agree in principle to the production of final, rather than draft, technical, marketing, licensing, and/or financial materials.

The parties have also agreed that if responsive documents are located on a centralized server or network, the producing party shall not be required to search for additional copies of such responsive documents that may be located on the personal computer, or otherwise in the possession, of individual employees absent a showing of good cause that the production of such additional copies is necessary. The parties will meet and confer to discuss the parameters of the search and production of any such documents. The parties further agree in this regard, however, that neither party need deviate from the practices it normally exercises with regard to preservation of such "additional copies" when not in anticipation of litigation (e.g., recycling of back-up tapes is permitted).

An expert witness's draft reports, notes, communications with counsel, and other written communications (to the extent not relied upon by an expert in preparing a final expert report(s)) will be excluded from the scope of discovery.

The parties have also agreed that privileged documents or information created on or after June 18, 2007 (the date the Complaint in this case was filed), need not be identified on a party's privilege log.

The parties have also agreed that the inadvertent production of privileged documents will not constitute grounds for waiver of privilege and will separately draft language governing the procedures for the assertion of such inadvertent production and the immediate return of any such documents.

-6-

**9.     Class Action**

Not applicable.

**10.    Related Cases**

Pursuant to this Court's Order, this case has been related to *LG Electronics, Inc., v. Q-Lity Computer, et. al.,* Civ. Action No. C 01-02187 CW. The parties agree that this case should not be consolidated with the LGE/Quanta case.

**11.    Relief**

LGE seeks monetary damages (in an amount sufficient to compensate for the infringement of the Patents-in-Suit and in no event less than a reasonable royalty), that the damages be trebled, interest and costs, attorneys' fees and injunctive relief.

**12.    Settlement and ADR**

Although the parties have discussed various ADR options pursuant to the Court's Multi-Option ADR Program, neither party wishes to utilize alternative dispute resolution.

**13.    Consent to Magistrate Judge for All Purposes**

LGE would consent to assignment to a United States Magistrate Judge for all purposes. Defendants have declined to proceed before a United States Magistrate Judge.

**14.    Other References**

With the exception of the information contained in section 12, above, the parties have no further information regarding ADR process or deadlines at this time. The parties do not believe that this case is suitable for reference to arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues**

The parties have not yet identified any issues that may be narrowed by agreement or motion.

**16.    Expedited Schedule**

The parties do not believe that this case may be handled on an expedited basis.

**17.    Scheduling**

The parties are in agreement as to the following schedule:

| Rule | Description | Proposed Deadline |
|---|---|---|
| | Initial Case Management Conference | April 15, 2008 |
| FRCP 26(a)(1) | Initial Disclosures of the Parties | April 15, 2008 |
| | Fact discovery starts | April 16, 2008 |
| PLR 3-1 PLR 3-2 | Serve Preliminary Infringement Contentions and make available documents accompanying disclosure | April 29, 2008 |
| PLR 3-3 PLR 3-4 | Serve Preliminary Invalidity Contentions and make available documents accompanying disclosure | June 13, 2008 |
| | Last day to join parties or amend pleadings | June 16, 2008 |
| PLR 4-1 | Simultaneously exchange Proposed Terms and Claim Elements for Construction | June 27, 2008 |
| PLR 4-2 | Simultaneously exchange Preliminary Claim Construction and Preliminary Identification of Extrinsic Evidence | July 17, 2008 |
| | Last day to identify and designate expert witnesses (if any) on claim construction | July 17, 2008 |
| | Last day to identify and designate rebuttal expert witnesses (if any) on claim construction | July 31, 2008 |
| PLR 4-3 | File/serve Joint Claim Construction and Prehearing Statement | August 12, 2008 |
| | Claim Construction Prehearing Conference | September 5, 2008, or at a date set by the Court |
| PLR 4-4 | Completion of Claim Construction Discovery | September 11, 2008 |
| PLR 4-5 | File/serve Opening Claim Construction Brief | September 26, 2008 |

| Rule | Description | Proposed Deadline |
|---|---|---|
| PLR 4-5 | File/serve Responsive Claim Construction Brief | October 24, 2008 |
| PLR 4-5 | File/serve Reply Claim Construction Brief | November 7, 2008 |
| PLR 4-6 | Claim Construction Hearing | To be set by the Court. The parties propose a day in November or December of 2008 for this Court's consideration. |
| PLR 3-6 | Serve Final Infringement Contentions | 30 days after Court's Claim Construction Ruling |
| PLR 3-6 | Serve Final Invalidity Contentions | 50 days after Court's Claim Construction Ruling |
| PLR 3-8 | Produce or make available opinion of counsel and related documents relied upon as defense to willful infringement | 50 days after Court's Claim Construction Ruling |
| Standing Order & LR 16-10(b) | Last day to identify and designate expert witnesses on issues for which a party has the burden of proof | June 1, 2009 |
| | Last day to serve supplemental disclosures | June 1, 2009 |
| | Last day to identify and designate rebuttal expert witnesses | July 3, 2009 |
| | Fact discovery closes | July 3, 2009 |
| | Exchange Opening Expert Reports | August 7, 2009 |
| | Exchange Rebuttal Expert Reports | September 4, 2009 |
| | Expert discovery closes | October 9, 2009 |

-9-

| Rule | Description | Proposed Deadline |
|---|---|---|
| | Last day to file dispositive motions | November 6, 2009 |
| Standing Order | Exchange documents under CLR 16-10(b)(7)-(10) and motions in limine | November 20, 2009 |
| Standing Order | Deadline to meet and confer regarding Pretrial Conference Statement | December 11, 2009 |
| Standing Order | File Joint Pretrial Conference Statement | January 15, 2010 |
| | Pretrial Conference | January 29, 2010, or at a date set by the Court |
| | Trial | To be set by the Court. The parties propose February 2010 for this Court's consideration. |

**18.     Trial**

Both parties have requested a jury trial. The parties estimate that a trial will last approximately 10-15 court days.

**19.     Disclosure of Non-party Interested Entities or Persons**

Each party has filed the "Certificate of Interested Entities or Person" as required by Civil Local Rule 3-16, if needed.

**20.     Other**

The Parties are not aware of any other matters that would facilitate the disposition of this matter.

**II.     FEDERAL RULE OF CIVIL PROCEDURE 26(F) REPORT**

  **1.     26(f)(2) Conference Content:**

    **a.     Nature and basis for the claims and defenses**

The parties have addressed this above in the Case Management Conference Statement.

-10-

      **b.**     **Possibilities for promptly settling or resolving the case**

The parties have addressed this above in the Case Management Conference Statement.

      **c.**     **Make or arrange for the disclosures required by FRCP26(a)(1)**

The parties have addressed this above in the Case Management Conference Statement.

      **d.**     **Discuss any issues about preserving discoverable information**

The parties have addressed this above in the Case Management Conference Statement.

**2.**     **26(f)(3) Discovery Plan:**

      **a.**     **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The parties have addressed this above in the Case Management Conference Statement.

      **b.**     **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The parties have addressed this above in the Case Management Conference Statement.

      **c.**     **Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

The parties have addressed this above in the Case Management Conference Statement.

      **d.**     **Any issues about claims of privilege or of protection as trial-preparation materials, including — if the parties agree on a procedure to assert these claims after production — whether to ask the court to include their agreement in an order.**

The parties have addressed this above in the Case Management Conference Statement.

      **e.**     **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

The parties have addressed this above in the Case Management Conference Statement.

      **f.**      **Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The parties anticipate that a stipulated protective order will be desired in this matter to protect confidential information.

### III.    PATENT LOCAL RULE 2-1(A)(1)-(5) DISCLOSURES

The parties have also addressed the topics of Patent L.R. 2-1(a)(1)-(5):

**1.**    **Proposed modification of the deadlines provided for in the Patent Local Rules, and the effect of any such modification on the date and time of the Claim Construction Hearing, if any.**

The parties have addressed this above in section 17 of the Case Management Conference Statement.

**2.**    **Whether the Court will hear live testimony at the Claim Construction Hearing.**

The parties believe that live testimony will not be required at the Claim Construction Hearing. The parties believe that one day or less will be sufficient for the Claim Construction Hearing.

**3.**    **The need for and any specific limits on discovery relating to claim construction, including depositions of witnesses, including expert witnesses.**

The parties have addressed this above in sections 8 and 17 of the Case Management Conference Statement.

**4.**    **The order of presentation at the Claim Construction Hearing.**

Plaintiff will present first, followed by Defendants.

**5.**    **The scheduling of a Claim Construction Prehearing Conference to be held after the Joint Claim Construction and Prehearing Statement provided for in Patent L.R. 4-3 has been filed.**

The parties have addressed this above in section 17 of the Case Management Conference Statement.

Respectfully submitted,

Dated: April 8, 2008                                             Dated: April 8, 2008

By:   /s/ Peter H. Kang                                 By:   /s/
PETER H. KANG (SBN 158101)                  Perry R. Clark (SB No. 197101)
pkang@sidley.com                                        KIRKLAND & ELLIS LLP
MARC R. ASCOLESE (SBN 251397)          555 California Street
mascolese@sidley.com                                 San Francisco, California 94104
SIDLEY AUSTIN LLP                                     Telephone: (415) 439-1400
555 California Street, Suite 2000                    Facsimile: (415) 439-1500
San Francisco, CA  94104-1715
Telephone:    415-772-1200
Facsimile:     415-772-7400                             William A Streff, Jr., P.C.
                                                                        wstreff@kirkland.com
DAVID T. PRITIKIN (*pro hac vice*)              William E. Devitt, P.C.
dpritikin@sidley.com                                     wdevitt@kirkland.com
SIDLEY AUSTIN LLP                                     Mark L. Varboncouer
One South Dearborn                                     mvarboncouer@kirkland.com
Chicago, IL  60603                                        KIRKLAND & ELLIS LLP
Telephone:    312-853-7000                          200 E. Randolph Drive
Facsimile:     312-853-7036                            Chicago, IL  60601
                                                                        Telephone:  (312) 861-2000
                                                                        Facsimile:  (312) 861-2200
THOMAS N. TARNAY (*pro hac vice*)
ttarnay@sidley.com                                        ***Counsel for Defendants Hitachi, Ltd.,***
SIDLEY AUSTIN LLP                                     ***Hitachi America, Ltd., Hitachi Data***
717 N. Harwood, Suite 3400                         ***Systems Corporation, and Hitachi Computer***
Dallas, TX  75201                                         ***Products (America), Inc.***
Telephone:    214-981-3300
Facsimile:     214-981-3400

***Counsel for Plaintiff LG Electronics, Inc.***

-13-
JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER; RULE 26(f) REPORT
CASE NO.  4:07 CV 6511 CW

**[PROPOSED] CASE MANAGEMENT ORDER**

The Joint Case Management Conference Statement and [Proposed] Order above is hereby adopted by the Court as the Case Management Order for the case, and the parties are ordered to comply with this Order.

Dated: _____

                                    The Honorable Claudia Wilken
                                    United States District Judge

-14-

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER; RULE 26(f) REPORT
CASE NO. 4:07 CV 6511 CW

**SIGNATURE ATTESTATION**

I am the ECF User whose identification and password are being used to file the foregoing **JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER; RULE 26(f) REPORT**. In compliance with General Order 45.X.B., I hereby attest that the other signatory has concurred in this filing.

Dated: April 8, 2008

SIDLEY AUSTIN LLP

By: /s/ Peter H. Kang
    Peter H. Kang
    SIDLEY AUSTIN LLP
    555 California Street, Suite 2000
    San Francisco, CA 94104-1715
    Telephone: 415-772-1200
    Facsimile: 415-772-7400

Attorneys for Plaintiff LG Electronics, Inc.

## CERTIFICATE OF SERVICE

The undersigned certifies that the **JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER; RULE 26(f) REPORT** was filed electronically, and pursuant to Civil L.R. 5-5 and 5-6, was served on all interested parties in this action (the above documents were served to registered ECF recipients via electronic service) on April 8, 2008.

Dated: April 8, 2008

SIDLEY AUSTIN LLP

By: /s/ Peter H. Kang
    Peter H. Kang
    SIDLEY AUSTIN LLP
    555 California Street, Suite 2000
    San Francisco, CA  94104-1715
    Telephone:  415-772-1200
    Facsimile:  415-772-7400

Attorneys for Plaintiff LG Electronics, Inc.