1 | **Counsel Listed on Signature Page**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| LG ELECTRONICS, INC., | Case No:   4:07 CV 6511 CW |
| Plaintiff/Counterclaim Defendant, | |
| v. | **STIPULATION AND [PROPOSED] ORDER GRANTING PLAINTIFF LG ELECTRONICS LEAVE TO FILE AMENDED COMPLAINT AND MODIFYING CERTAIN CASE MANAGEMENT ORDER DEADLINES** |
| HITACHI, LTD., HITACHI AMERICA, LTD., HITACHI DATA SYSTEMS CORPORATION, and HITACHI COMPUTER PRODUCTS (AMERICA), INC., | |
| Defendants and Counterclaimants. | |

STIP. AND [PROP.] ORDER GRANTING LGE LEAVE TO AMEND COMPLAINT AND MODIFYING DATES
CASE NO. 4:07 CV 6511 CW

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff LG Electronics Inc. ("LGE") and Defendants Hitachi, Ltd., Hitachi America, Ltd. ("HAL"), Hitachi Data Systems Corporation ("HDS"), and Hitachi Computer Products (America), Inc. ("HCPA") (collectively "Defendants") stipulate that LGE may file its First Amended Complaint for Patent Infringement, attached as Exhibit A.

In the First Amended Complaint for Patent Infringement, LGE adds patent infringement counts regarding U.S. Patent No. 4,918,645 ("the '645 patent"). Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Defendants have consented in writing to LGE's First Amended Complaint for Patent Infringement. Plaintiff LGE seeks leave to file its First Amended Complaint for Patent Infringement.

## MODIFICATIONS TO CASE MANAGEMENT ORDER DEADLINES

The inclusion of the '645 patent in the present matter necessitates several minor modifications to the schedule provided in the Court's April 18, 2008 Case Management Order [Docket No. 45]. Such changes would accommodate: (1) Defendants' amended answer; (2) LGE's preliminary infringement contentions for the '645 patent; (3) Defendants' preliminary invalidity contentions for the '645 patent; (4) and adjustment of the Patent Local Rule 4-1, 4-2, 4-3, and 4-4 deadlines to provide for the addition of the '645 patent. Currently scheduled dates beginning with the January 30, 2009 deadline for private mediation and moving forward are unaffected.

Pursuant to Local Rule 6-2, the parties hereby stipulate to the following schedule modification, and request an order granting such modification to the Court's schedule:

| Rule | Description | Proposed Deadline |
|---|---|---|
|  | Deadline to file and serve the First Amended Complaint | 3 court days after the Court grants leave to amend the complaint |
|  | Answer to the First Amended Complaint | August 15, 2008 |

-1-

STIP. AND [PROP.] ORDER GRANTING LGE LEAVE TO AMEND COMPLAINT AND MODIFYING DATES
CASE NO. 4:07 CV 6511 CW

| Rule | Description | Proposed Deadline |
|---|---|---|
| PLR 3-1<br>PLR 3-2 | Serve Preliminary Infringement Contentions for the '645 patent and make available documents and accompanying disclosure | August 29, 2008 |
| PLR 3-3<br>PLR 3-4 | Serve Preliminary Invalidity Contentions for the '645 patent and make available documents and accompanying disclosure | October 13, 2008 |
| PLR 4-1 | Simultaneously exchange Proposed Terms and Claim Elements for Construction | October 27, 2008 |
| PLR 4-2 | Simultaneously exchange Preliminary Claim Construction and Preliminary Identification of Extrinsic Evidence | November 17, 2008 |
| PLR 4-3 | File/serve Joint Claim Construction and Prehearing Statement | December 12, 2008 |
| PLR 4-4 | Completion of Claim Construction Discovery | January 12, 2009 |

## CONCLUSION

The parties respectfully request an order granting leave to file the First Amended Complaint for Patent Infringement and the above modifications to the case management schedule.

| | | |
|---|---|---|
|  Dated: June 18, 2008 | | Dated: June 18, 2008 |

By:   /s/ Peter H. Kang
PETER H. KANG (SBN 158101)
pkang@sidley.com
MARC R. ASCOLESE (SBN 251397)
mascolese@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104-1715
Telephone: 415-772-1200
Facsimile: 415-772-7400

DAVID T. PRITIKIN (*pro hac vice*)
dpritikin@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: 312-853-7000
Facsimile: 312-853-7036

THOMAS N. TARNAY (*pro hac vice*)
ttarnay@sidley.com
SIDLEY AUSTIN LLP
717 N. Harwood, Suite 3400
Dallas, TX 75201
Telephone: 214-981-3300
Facsimile: 214-981-3400

*Counsel for Plaintiff LG Electronics, Inc.*

By:   /s/
Perry R. Clark (SB No. 197101)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

William A Streff, Jr., P.C.
wstreff@kirkland.com
William E. Devitt, P.C.
wdevitt@kirkland.com
Mark L. Varboncouer
mvarboncouer@kirkland.com
KIRKLAND & ELLIS LLP
200 E. Randolph Drive
Chicago, IL 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

*Counsel for Defendants Hitachi, Ltd., Hitachi America, Ltd., Hitachi Data Systems Corporation, and Hitachi Computer Products (America), Inc.*

-3-

STIP. AND [PROP.] ORDER GRANTING LGE LEAVE TO AMEND COMPLAINT AND MODIFYING DATES
CASE NO. 4:07 CV 6511 CW

**SIGNATURE ATTESTATION**

I am the ECF User whose identification and password are being used to file the foregoing **STIPULATION AND [PROPOSED] ORDER GRANTING PLAINTIFF LG ELECTRONICS LEAVE TO FILE AMENDED COMPLAINT AND MODIFYING CERTAIN CASE MANAGEMENT ORDER DEADLINES**.  In compliance with General Order 45.X.B., I hereby attest that the other signatory has concurred in this filing.

Dated:  June 18, 2008                                        SIDLEY AUSTIN LLP

By:  /s/ Peter H. Kang
          Peter H. Kang
          SIDLEY AUSTIN LLP
          555 California Street, Suite 2000
          San Francisco, CA  94104-1715
          Telephone:  415-772-1200
          Facsimile:  415-772-7400

Attorneys for Plaintiff LG Electronics, Inc.

**[PROPOSED] ORDER GRANTING PLAINTIFF LG ELECTRONICS LEAVE TO FILE AMENDED COMPLAINT AND MODIFYING CERTAIN CASE MANAGEMENT ORDER DEADLINES**

PURSUANT TO STIPULATION, IT IS SO ORDERED:

1. Plaintiff shall file its First Amended Complaint for Patent Infringement within three court days of the entry of this Order.

2. The Case Management Scheduling Order is amended to adopt the schedule additions and changes set forth in the parties' Stipulation and [Proposed] Order Granting Plaintiff LG Electronics Leave To File Amended Complaint and Modifying Certain Case Management Order Deadlines.

Dated: _____

The Honorable Claudia Wilken
United States District Judge

-5-

STIP. AND [PROP.] ORDER GRANTING LGE LEAVE TO AMEND COMPLAINT AND MODIFYING DATES
CASE NO. 4:07 CV 6511 CW

**CERTIFICATE OF SERVICE**

The undersigned certifies that the **STIPULATION AND [PROPOSED] ORDER GRANTING PLAINTIFF LG ELECTRONICS LEAVE TO FILE AMENDED COMPLAINT AND MODIFYING CERTAIN CASE MANAGEMENT ORDER DEADLINES** was filed electronically, and pursuant to Civil L.R. 5-5 and 5-6, was served on all interested parties in this action (the above documents were served to registered ECF recipients via electronic service) on June 18, 2008.

Dated: June 18, 2008

SIDLEY AUSTIN LLP

By: /s/ Peter H. Kang
Peter H. Kang
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104-1715
Telephone: 415-772-1200
Facsimile: 415-772-7400

Attorneys for Plaintiff LG Electronics, Inc.

-6-

STIP. AND [PROP.] ORDER GRANTING LGE LEAVE TO AMEND COMPLAINT AND MODIFYING DATES
CASE NO. 4:07 CV 6511 CW

# EXHIBIT A

1  PETER H. KANG (SBN 158101)
   pkang@sidley.com
2  MARC R. ASCOLESE (SBN 251397)
   mascolese@sidley.com
3  SIDLEY AUSTIN LLP
   555 California Street, Suite 2000
4  San Francisco, CA  94104-1715
   Telephone:    415-772-1200
5  Facsimile:    415-772-7400

6  DAVID T. PRITIKIN (*pro hac vice*)
   dpritikin@sidley.com
7  SIDLEY AUSTIN LLP
   One South Dearborn
8  Chicago, IL  60603
   Telephone:    312-853-7000
9  Facsimile:    312-853-7036

10 THOMAS N. TARNAY (*pro hac vice*)
   ttarnay@sidley.com
11 SIDLEY AUSTIN LLP
   717 N. Harwood
12 Suite 3400
   Dallas, TX  75201
13 Telephone:    214-981-3300
   Facsimile:    214-981-3400
14
   Attorneys for Plaintiff
15 LG Electronics, Inc.

16                    **UNITED STATES DISTRICT COURT**

17                    **NORTHERN DISTRICT OF CALIFORNIA**

18                             **OAKLAND DIVISION**

19

20 LG ELECTRONICS, INC.,                         )   Case No:        4:07 CV 6511 CW
                                                 )
21         Plaintiff/Counterclaim Defendant,     )
                                                 )
22     v.                                        )   **FIRST AMENDED COMPLAINT FOR**
                                                 )   **PATENT INFRINGEMENT**
23 HITACHI, LTD., HITACHI AMERICA, LTD.,         )
   HITACHI DATA SYSTEMS CORPORATION,             )   **DEMAND FOR JURY TRIAL**
24 and HITACHI COMPUTER PRODUCTS                 )
   (AMERICA), INC.,                              )
25                                               )
           Defendants and Counterclaimants.      )
26                                               )
                                                 )
27

28

---

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT
CASE NO.  4:07 CV 6511 CW

Plaintiff LG Electronics, Inc. ("LGE") for its First Amended Complaint For Patent Infringement against Defendants Hitachi, Ltd.; Hitachi America, Ltd., Hitachi Data Systems Corporation and Hitachi Computer Products (America), Inc. (collectively and/or individually, the "Hitachi Defendants"), alleges as follows:

## PARTIES

1. Plaintiff LG Electronics, Inc. is a corporation organized under the laws of the Republic of Korea and having a principal place of business at LG Twin Towers, 20, Yoido-dong, Youngdungpo-gu, Seoul, Korea 150-721. LGE was established in 1958 as the pioneer in the Korean consumer electronics market and has grown to become a global leader in electronics and information and communications products.

2. Upon information and belief, Defendant Hitachi, Ltd. ("Hitachi") is an entity organized and existing under the laws of Japan, with its principal place of business at 6-6, Marunouchi 1-chome, Chiyoda-ku, Tokyo 100-8280, Japan.

3. Upon information and belief, Defendant Hitachi America, Ltd. ("Hitachi America") is an entity organized and existing under the laws of New York, with its principal place of business at 2000 Sierra Point Parkway, Brisbane, California 94005. Upon information and belief, Hitachi America is a wholly-owned subsidiary of Hitachi. Hitachi America is qualified to do business in the State of California, and has appointed CSC - Lawyers Incorporating Service, 2730 Gateway Oaks Dr., Ste. 100, Sacramento, California 95833 as its agent for service of process.

4. Upon information and belief, Defendant Hitachi Data Systems Corporation ("HDS") is a corporation organized and existing under the laws of Delaware, with its principal place of business at 750 Central Expressway, Santa Clara, California 95050. Upon information and belief, HDS is a wholly-owned subsidiary of Hitachi. HDS is qualified to do business in the State of California, and has appointed CT Corporation System, 818 West Seventh St., Los Angeles, California 90017, as its agent for service of process.

5. Upon information and belief, Defendant Hitachi Computer Products (America), Inc. ("HCP") is a corporation organized and existing under the laws of Delaware, with its principal place of business at 1800 E. Imhoff Road, Norman, Oklahoma 73071. Upon information and belief, HCP

is a wholly-owned subsidiary of Hitachi America. HCP is qualified to do business in the State of California, and has appointed Dave Kemp, 18809 Cox Ave., Ste. 230, Saratoga, California 95070, as its agent for service of process.

6. Upon information and belief, the Hitachi Defendants have and/or continue to extensively cooperate in and coordinate the design, development, manufacture, sale, offer for sale, and importation of computer equipment, including without limitation, personal computers, storage systems and/or server products (hereinafter known collectively as "Information Handling Systems") into the United States and California. These Information Handling Systems have been and/or are also used, sold, offered for sale, and imported into the United States and California by the Hitachi Defendants.

## JURISDICTION AND VENUE

7. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). On information and belief, each Defendant has a regular and established place of business in this district, has transacted business in this district, and/or has committed, contributed to and/or induced acts of patent infringement in this district.

## INTRADISTRICT ASSIGNMENT

10. This is an Intellectual Property Action subject to district-wide assignment under Local Rule 3-2(c).

## PATENT INFRINGEMENT COUNTS

11. LGE is the owner of all right, title, and interest in U.S. Patent Nos. 4,939,641; 5,077,733; 5,379,379; and 4,918,645 (collectively, "the LGE patents-in-suit"), which the Hitachi Defendants are directly infringing, contributing to the infringement of, or inducing others to infringe by making, using, offering to sell or selling in the United States, or importing into the United States, products or processes that practice inventions claimed in the LGE patents-in-suit.

-2-

12. The Hitachi Defendants have profited through infringement of the LGE patents-in-suit. As a result of the Hitachi Defendants' unlawful infringement of the LGE patents-in-suit patent, LGE has suffered and will continue to suffer damage. LGE is entitled to recover from the Hitachi Defendants the damages suffered by LGE as a result of the Hitachi Defendants' unlawful acts.

13. Hitachi Defendants' infringement of the LGE patents-in-suit constitutes willful and deliberate infringement, entitling LGE to enhanced damages and reasonable attorney fees and costs.

14. Upon information and belief, the Hitachi Defendants intend to continue their unlawful infringing activity, and LGE continues to and will continue to suffer irreparable harm—for which there is no adequate remedy at law—from such unlawful infringing activity unless Hitachi Defendants are enjoined by this Court.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 4,939,641

15. LGE realleges and incorporates by reference the allegations set forth in paragraphs 1-14.

16. LGE is the owner of all right, title, and interest in U.S. Patent No. 4,939,641 ("the '641 patent") entitled "Multi-Processor System with Cache Memories," duly and properly issued by the Patent Office on July 3, 1990. A copy of the '641 patent is attached as Exhibit A.

17. The Hitachi Defendants have been and/or are directly infringing, contributing to the infringement of, or inducing others to infringe the '641 patent by, among other things, making, using, offering to sell or selling in the United States, or importing into the United States, products, including various Information Handling Systems that embody or incorporate, or the operation of which otherwise practices, one or more claims of the '641 patent.

18. Hitachi has been and/or is actively inducing infringement of the '641 patent by other ones of the Hitachi Defendants to make, use, offer to sell or sell in the United States, or import into the United States, products, including various Information Handling Systems that embody or incorporate, or the operation of which otherwise practices, one or more claims of the '641 patent.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 5,077,733

19. LGE realleges and incorporates by reference the allegations set forth in paragraphs 1-14.

20. LGE is the owner of all right, title, and interest in U.S. Patent No. 5,077,733 ("the '733 patent") entitled "Priority Apparatus Having Programmable Node Dwell Time," duly and properly issued by the Patent Office on December 31, 1991. A copy of the '733 patent is attached as Exhibit B.

21. The Hitachi Defendants have been directly infringing, contributing to the infringement of, or inducing others to infringe the '733 patent by, among other things, making, using, offering to sell or selling in the United States, products, including various Information Handling Systems that embody or incorporate, or the operation of which otherwise practices, one or more claims of the '733 patent.

22. Hitachi has been actively inducing infringement of the '733 patent by other ones of the Hitachi Defendants to make, use, offer to sell or sell in the United States, products, including various Information Handling Systems that embody or incorporate, or the operation of which otherwise practices, one or more claims of the '733 patent.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 5,379,379

23. LGE realleges and incorporates by reference the allegations set forth in paragraphs 1-14.

24. LGE is the owner of all right, title, and interest in U.S. Patent No. 5,379,379 ("the '379 patent") entitled "Memory Control Unit with Selective Execution of Queued Read and Write Requests," duly and properly issued by the Patent Office on January 3, 1995. A copy of the '379 patent is attached as Exhibit C.

25. The Hitachi Defendants have been and/or are directly infringing, contributing to the infringement of, or inducing others to infringe the '379 patent by, among other things, making, using, offering to sell or selling in the United States, or importing into the United States, products,

1 including various Information Handling Systems that embody or incorporate, or the operation of which otherwise practices, one or more claims of the '379 patent.

26. Hitachi has been and/or is actively inducing infringement of the '379 patent by other ones of the Hitachi Defendants to make, use, offer to sell or sell in the United States, or import into the United States, products, including various Information Handling Systems that embody or incorporate, or the operation of which otherwise practices, one or more claims of the '379 patent.

## COUNT IV

### INFRINGEMENT OF U.S. PATENT NO. 4,918,645

27. LGE realleges and incorporates by reference the allegations set forth in paragraphs 1-14.

28. LGE is the owner of all right, title, and interest in U.S. Patent No. 4,918,645 ("the '645 patent") entitled "Computer Bus Having Page Mode Memory Access," duly and properly issued by the Patent Office on April 17, 1990. A copy of the '645 patent is attached as Exhibit D.

29. The Hitachi Defendants have been and/or are directly infringing, contributing to the infringement of, or inducing others to infringe the '645 patent by, among other things, making, using, offering to sell or selling in the United States, or importing into the United States, products, including various Information Handling Systems that embody or incorporate, or the operation of which otherwise practices, one or more claims of the '645 patent.

30. Hitachi has been and/or is actively inducing infringement of the '645 patent by other ones of the Hitachi Defendants to make, use, offer to sell or sell in the United States, or import into the United States, products, including various Information Handling Systems that embody or incorporate, or the operation of which otherwise practices, one or more claims of the '645 patent.

### PRAYER FOR RELIEF

WHEREFORE, by reason of the foregoing, LGE respectfully requests that the Court enter a judgment against the Hitachi Defendants as follows:

A. The '641, '733, '379, and '645 patents are valid and enforceable;

B. The Hitachi Defendants have been and/or are currently infringing, contributorily infringing and/or inducing others to infringe the LGE patents-in-suit;

1      C.    An accounting to be had for the damages to LGE arising out of the Hitachi Defendants' infringing activities together with interest, and that such damages be awarded to LGE;

    D.    Damages be awarded to LGE in treble the amount of actual damages pursuant to 35 U.S.C. § 284 and 15 U.S.C. § 15(a) as a consequence of the willful and deliberate nature of the Hitachi Defendants' conduct;

    E.    The Hitachi Defendants and their officers, agents, servants, employees, successors and assigns, and those persons acting in concert, are preliminarily and permanently enjoined from further acts that infringe, contributorily infringe, or induce infringement of the LGE patents-in-suit;

    F.    Defendants pay LGE's costs, expenses, and attorney fees in accordance with 35 U.S.C. §§ 284 and 285 and Rule 54(d) of the Federal Rules of Civil Procedure; and

    G.    LGE be granted such other further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 3-6 of the United States District Court for the Northern District of California, Plaintiff LGE respectfully requests a trial by jury of all issues properly triable by jury.

| | |
|---|---|
| Dated: TBD | SIDLEY AUSTIN LLP |

                                                                                     _____

PETER H. KANG (SBN 158101)
pkang@sidley.com
MARC R. ASCOLESE (SBN 251397)
mascolese@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104-1715
Telephone:    415-772-1200
Facsimile:    415-772-7400

DAVID T. PRITIKIN (*pro hac vice*)
dpritikin@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone:    312-853-7000
Facsimile:    312-853-7036

THOMAS N. TARNAY (*pro hac vice*)
ttarnay@sidley.com
SIDLEY AUSTIN LLP
717 N. Harwood, Suite 3400
Dallas, TX 75201
Telephone:    214-981-3300
Facsimile:    214-981-3400

*Counsel for Plaintiff LG Electronics, Inc.*

-7-
FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT
CASE NO. 4:07 CV 6511 CW