**Counsel Listed on Signature Page**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| LG ELECTRONICS, INC., | Case No:    4:07 CV 6511 CW |
| Plaintiff/Counterclaim Defendant, | |
| v. | **SECOND JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |
| HITACHI, LTD., HITACHI AMERICA, LTD., HITACHI DATA SYSTEMS CORPORATION, and HITACHI COMPUTER PRODUCTS (AMERICA), INC., | |
| Defendants and Counterclaimants. | |

1    Pursuant to the Court's June 25, 2008 Scheduling Order, Plaintiff LG Electronics Inc.

2    ("LGE") and Defendants Hitachi, Ltd., Hitachi America, Ltd. ("HAL"), Hitachi Data Systems

3    Corporation ("HDS"), and Hitachi Computer Products (America), Inc. ("HCPA") (collectively

4    "Defendants") hereby submit the following Joint Case Management Statement regarding this matter.

5    **1.    Jurisdiction and Service**

6    The parties agree that the Court has subject matter jurisdiction over all claims and

7    counterclaims pursuant to 28 U.S.C. §§1331 and 1338.  No factual issues relating to service of

8    process or personal jurisdiction remain unresolved.  All named parties have been served or have

9    accepted service of process.

10   **2.    Facts**

11   This is an action for patent infringement brought by LG Electronics against Defendants

12   Hitachi, Ltd., Hitachi America, Ltd., Hitachi Data Systems Corporation, and Hitachi Computer

13   Products (America), Inc.  On June 18, 2007 LGE filed its complaint in the Eastern District of Texas

14   asserting that Defendants infringe, are contributing to the infringement of, or are inducing others to

15   infringe, U.S. Patent Nos. 4,939,641; 5,077,733 and 5,379,379.  On October 22, 2007, Defendants

16   filed a motion to change venue.  On December 3, 2007, that Court granted that motion and

17   transferred the case to the Northern District of California.  On June 27, 2008, LGE filed an amended

18   complaint further asserting that Defendants infringe, are contributing to the infringement of, or are

19   inducing others to infringe, U.S. Patent No. 4,918,645.  Defendants' answer to the amended

20   complaint is due August 15, 2008.  U.S. Patent Nos. 4,939,641; 5,077,733; 5,379,379; and 4,918,645

21   are collectively referred to as "the Patents-in-Suit."

22   **3.    Legal Issues**

23   a.    Whether Defendants directly or indirectly infringe any claim of the Patents-in-Suit.

24   b.    The amount of damages suffered by LGE due to the alleged infringement.

25   c.    Whether the Patents-in-Suit are valid.

26   **4.    Motions**

27   No motions are pending, and due to the early stage of this lawsuit, it is difficult to estimate

28   which motions may be anticipated in the future.  Defendants, however, anticipate that they may seek

-1-

leave to file an early motion for summary judgment in light of the Supreme Court's decision in

*Quanta Computer, Inc. v. LG Elecs., Inc.,* No. 06-937. A further discussion of the potential effects

of this decision is included in Section 20 below.

### 5. Amendment of the Pleadings

Defendants currently intend to file a motion for leave to amend the pleadings to include the

affirmative defense of—and declaratory judgment counterclaims for—unenforceability due to

inequitable conduct upon completion of their investigation and as fact discovery progresses.

### 6. Evidence Preservation

The parties have taken steps to preserve evidence relevant to the issues reasonably evident in

this action. As set forth in Section 8 of the Joint Case Management Statement filed on April 8, 2008,

and ordered by the Court in the Court's April 18, 2008 Amended Minute Order and Case

Management Order, which is hereby incorporated by reference (collectively "the April 2008 Case

Management Statement and Order"), the parties have reached certain agreements about

electronically stored information.

### 7. Disclosures

The parties made their initial disclosures under Fed. R. Civ. P. 26(a)(1) on April 15, 2008.

The parties will supplement their initial disclosures once Defendants have had the opportunity to

answer the amended complaint.

### 8. Discovery

The parties are currently negotiating a Stipulated Protective Order for submission to the

Court and have an agreement in principle on nearly all issues. The parties are still discussing

provisions and specific language relating to (i) a prosecution bar and (ii) access to source code

produced during the course of this litigation. The parties intend to continue negotiations—and hope

to have an agreement—with respect to the provisions at issue prior to the August 21, 2008 Case

Management Conference. The parties expect to be able to provide a report to the Court regarding

the status of the Protective Order at the Conference.

Various modifications to the limitations on discovery were agreed to by the parties and

ordered by the Court in the April 2008 Case Management Statement and Order. In light of LGE's

amended complaint, the following further modifications to the limitations on discovery were agreed to by the parties:

70 interrogatories per side.

70 requests per side for admissions for all other purposes.

A total of 190 hours per side for depositions, including third party and Rule 30(b)(6) depositions, but excluding expert depositions. For depositions conducted through a translator, twice as many deposition hours will be permitted compared to any corresponding limit were the deposition not translated. Additionally, two hours of a translated deposition will count as one hour of deposition against the total deposition time allotted to each side.

No limitation on number of subpoenas to 3rd parties (depositions of third parties to count against the 190 hour deposition cap).

The parties further agree that all other provisions of Section 8 of the Joint Case Management Statement filed on April 8, 2008 remain unchanged and continue to govern this litigation.

**9.      Class Action**

Not applicable.

**10.      Related Cases**

Pursuant to this Court's Order, this case has been related to *LG Electronics, Inc., v. Q-Lity Computer, et. al.,* Civ. Action No. C 01-02187 CW ("the Quanta I case"). The parties agree that this case should not be consolidated with the Quanta I case.

Also pursuant to this Court's Order, this case has been related to *LG Electronics, Inc., v. Quanta Computer, Inc., et al.,* Civ. Action No. C 08-03407 CW ("the Quanta II case"). Defendants contend that this case should not be consolidated with the Quanta II case.

**11.      Relief**

LGE seeks monetary damages (in an amount sufficient to compensate for the infringement of the Patents-in-Suit and in no event less than a reasonable royalty), that the damages be trebled, interest and costs, attorneys' fees and injunctive relief.

SECOND JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
CASE NO.  4:07 CV 6511 CW

**12.    Settlement and ADR**

The case has been referred to private mediation with Judge Infante to take place no later than January 30, 2009.

**13.    Consent to Magistrate Judge for All Purposes**

No longer applicable.

**14.    Other References**

With the exception of the information contained in section 12, above, the parties have no further information regarding ADR process or deadlines at this time. The parties do not believe that this case is suitable for reference to arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues**

The parties have not yet identified any issues that may be narrowed by agreement or motion. Defendants anticipate, however—as further discussed in Section 20 below—that certain Accused Instrumentalities may be removed from this litigation as a result of the Supreme Court's *Quanta* decision and may seek leave to file an appropriate motion after further discovery.

**16.    Expedited Schedule**

The parties do not believe that this case may be handled on an expedited basis.

**17.    Scheduling**

The Court has ordered the following schedule:

| Rule | Description | Deadline |
|---|---|---|
| 6-25-08 Order | File Joint (or Separate) Case Management Statement | August 14, 2008 |
| 6-25-08 Order | Answer to the First Amended Complaint | August 15, 2008 |
| 6-25-08 Order | Case Management Conference 2:00 PM, Oakland, Courtroom 2, 4th Floor | August 21, 2008 |

SECOND JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
CASE NO.  4:07 CV 6511 CW

| Rule | Description | Deadline |
|------|-------------|----------|
| PLR 3-1<br>PLR 3-2<br>6-25-08<br>Order | Serve Preliminary Infringement Contentions for the '645 patent and make available documents and accompanying disclosure | August 29, 2008 |
| PLR 3-3<br>PLR 3-4<br>6-25-08<br>Order | Serve Preliminary Invalidity Contentions for the '645 patent and make available documents and accompanying disclosure | October 13, 2008 |
| PLR 4-1<br>6-25-08<br>Order | Simultaneously exchange Proposed Terms and Claim Elements for Construction | October 27, 2008 |
| PLR 4-2<br>6-25-08<br>Order | Simultaneously exchange Preliminary Claim Construction and Preliminary Identification of Extrinsic Evidence | November 17, 2008 |
| PLR 4-3<br>6-25-08<br>Order | File/serve Joint Claim Construction and Prehearing Statement | December 12, 2008 |
| PLR 4-4<br>6-25-08<br>Order | Completion of Claim Construction Discovery | January 12, 2009 |
| CM Order | Deadline for private mediation | January 30, 2009 |
| CM Order | Last day to identify and designate expert witnesses on issues for which a party has the burden of proof and exchange expert reports | June 1, 2009 |
|  | Last day to serve supplemental disclosures | June 1, 2009 |
| CM Order | Last day to identify and designate rebuttal expert witnesses and exchange rebuttal expert reports | July 3, 2009 |
| CM Order | Fact discovery closes | July 3, 2009 |
| CM Order | Expert discovery closes | October 9, 2009 |

SECOND JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
CASE NO.  4:07 CV 6511 CW

| Rule | Description | Deadline |
|------|-------------|----------|
| CM Order, CMC Trans. at 20-21. | Plaintiff's opening brief on claim construction and summary judgment | October 22, 2009 |
| CM Order, CMC Trans. at 21. | Defendants' responsive claim construction brief, opposition to plaintiff's motion for summary judgment, and any cross motion for summary judgment | November 5, 2009 |
| CM Order, CMC Trans. at 21. | Plaintiff's reply on claim construction and summary judgment and opposition to cross motion (if any) for summary judgment | November 19, 2009 |
| CM Order, CMC Trans. at 21-22. | Defendants' reply on cross motion (if any) for summary judgment | December 3, 2009 |
| CM Order | Claim construction, summary judgment, and case management hearing.  Last day to hear all case-dispositive motions. | December 17, 2009 at 2:00 PM |
| PLR 3-6 | Serve Final Infringement Contentions | 30 days after Court's Claim Construction Ruling |
| PLR 3-6 | Serve Final Invalidity Contentions | 50 days after Court's Claim Construction Ruling |
| PLR 3-8 | Produce or make available opinion of counsel and related documents relied upon as defense to willful infringement | 50 days after Court's Claim Construction Ruling |
| Standing Order | Exchange documents under CLR 16-10(b)(7)-(10) and motions in limine | March 5, 2010 |
| Standing Order | Deadline to meet and confer regarding Pretrial Conference Statement | March 17, 2010 |
| Standing Order | File Joint Pretrial Conference Statement and motions in limine | March 23, 2010 |
| CM Order | Pretrial Conference | April 6, 2010 |

-6-

| Rule | Description | Deadline |
|------|-------------|----------|
| CM Order | Trial (10 days) | April 19-30, 2010 |

**18.    Trial**

Both parties have requested a jury trial.  The Court has specified 10 days for trial.

**19.    Disclosure of Non-party Interested Entities or Persons**

Each party has filed the "Certificate of Interested Entities or Person" as required by Civil Local Rule 3-16, if needed.

**20.    Other**

**a.  Use of Dr. Douglas Burger as the Court-Appointed Expert**

The Parties have agreed to use Dr. Douglas Burger as the Court-appointed expert, subject to his consent.  The parties will jointly contact Dr. Burger to determine whether he is willing to act as the Court-appointed expert in this matter.  If so, the parties will meet and confer, and will submit a proposed order (substantially similar to the Court's Duties and Instructions for Court-Appointed Expert Dr. Douglas Burger in the Quanta I matter) addressing both Dr. Burger's duties as Court-appointed expert and the parties' duties in assisting Dr. Burger.

**b.  Potential Effects of the Supreme Court's Decision in *Quanta***

On June 9, 2008, the Supreme Court held that "Intel's authorized sale to Quanta . . . took its products outside the scope of the patent monopoly, and as a result, LGE can no longer assert its patent rights against Quanta."  *Quanta Computer, Inc. v. LG Elecs., Inc.,* No. 06-937, slip. op. at 19. The same LGE patents are at issue in this case.  And like a number of the Quanta products, a number of the Hitachi products identified as Accused Instrumentalities by LGE in its Preliminary Infringement Contentions utilize Intel microprocessors and chipsets.

Defendants contend that as a result of the Supreme Court's decision, LGE's patent rights vis-à-vis these products have been exhausted and cannot be asserted.  Attached hereto as Exhibit A is a list of the Hitachi Accused Instrumentalities that, based on LGE's Infringement Contentions, incorporate Intel components as to which Defendants contend LGE's patent rights are exhausted.

-7-

1    LGE contends that because Intel's sales to Quanta may constitute foreign sales, the patent

2    exhaustion issue is yet to be resolved. Accordingly, and because discovery is ongoing, LGE asserts

3    that Defendants' Exhibit A is premature and does not accurately represent those Accused

4    Instrumentalities that incorporate Intel components as to which LGE's patent rights might be

5    exhausted.

6    Additionally, Hitachi products identified as Accused Instrumentalities in this case utilize

7    microprocessors and chipsets from manufacturers other than Intel, and such microprocessors and

8    chipsets may also be licensed under the LGE Patents-in-Suit. LGE has yet to produce to Hitachi any

9    licenses relating to the Patents-in-Suit. In fact, LGE has yet to even produce a copy of the license

10   agreement between LGE and Intel. To the extent that LGE has licensed other third-party suppliers

11   of microprocessors and chipsets identified by LGE as incorporated in the Hitachi Accused

12   Instrumentalities, Defendants contend that such licenses would render LGE's patent rights in

13   additional Accused Instrumentalities exhausted.

14   To the extent that LGE does not drop its infringement contentions with respect to Accused

15   Instrumentalities for which LGE's patent rights are found to be exhausted, Hitachi will likely seek

16   leave to file a motion for partial summary judgment in advance of November 5, 2009 (the date

17   currently set for Defendants' cross-motions for summary judgment in this case) in light of the

18   Supreme Court's decision.

19

20

21

22

23

24

25

26

27

28

SECOND JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
CASE NO. 4:07 CV 6511 CW

1

Respectfully submitted,

2

Dated: August 14, 2008                          Dated: August 14, 2008

3

4

By:   /s/ Peter H. Kang                    By:   /s/
        PETER H. KANG (SBN 158101)               Perry R. Clark (SB No. 197101)

5

        pkang@sidley.com                         KIRKLAND & ELLIS LLP
        MARC R. ASCOLESE (SBN 251397)            555 California Street

6

        mascolese@sidley.com                     San Francisco, California 94104

7

        SIDLEY AUSTIN LLP                        Telephone: (415) 439-1400
        555 California Street, Suite 2000        Facsimile: (415) 439-1500

8

        San Francisco, CA  94104-1715
        Telephone:     415-772-1200

9

        Facsimile:     415-772-7400              William A Streff, Jr., P.C.
                                                 wstreff@kirkland.com

10

        DAVID T. PRITIKIN (*pro hac vice*)       William E. Devitt, P.C.
                                                 wdevitt@kirkland.com

11

        dpritikin@sidley.com                     Mark L. Varboncouer
        SIDLEY AUSTIN LLP                        mvarboncouer@kirkland.com

12

        One South Dearborn                       KIRKLAND & ELLIS LLP
        Chicago, IL  60603                       200 E. Randolph Drive

13

        Telephone:     312-853-7000              Chicago, IL  60601
        Facsimile:     312-853-7036              Telephone:  (312) 861-2000

14

                                                 Facsimile:  (312) 861-2200

15

        THOMAS N. TARNAY (*pro hac vice*)        *Counsel for Defendants Hitachi, Ltd.,*
        ttarnay@sidley.com                       *Hitachi America, Ltd., Hitachi Data*

16

        SIDLEY AUSTIN LLP                        *Systems Corporation, and Hitachi Computer*
        717 N. Harwood, Suite 3400               *Products (America), Inc.*

17

        Dallas, TX  75201
        Telephone:     214-981-3300

18

        Facsimile:     214-981-3400

19

        *Counsel for Plaintiff LG Electronics,*

20

        *Inc.*

21

22

23

24

25

26

27

28

-9-

**[PROPOSED] CASE MANAGEMENT ORDER**

The Second Joint Case Management Statement and [Proposed] Order above is hereby adopted by the Court as the Case Management Order for the case, and the parties are ordered to comply with this Order.

Dated: _____

_____
The Honorable Claudia Wilken
United States District Judge

SECOND JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
CASE NO.  4:07 CV 6511 CW

1

**SIGNATURE ATTESTATION**

2

3          I am the ECF User whose identification and password are being used to file the foregoing

4  **SECOND JOINT CASE MANAGEMENT STATEMENT**.  In compliance with General Order

5  45.X.B., I hereby attest that the other signatory has concurred in this filing.

6

7  Dated:  August 14, 2008                    SIDLEY AUSTIN LLP

8                                             By:  /s/ Peter H. Kang
                                                   Peter H. Kang
9                                                  SIDLEY AUSTIN LLP
                                                   555 California Street, Suite 2000
10                                                 San Francisco, CA  94104-1715
                                                   Telephone:  415-772-1200
11                                                 Facsimile:  415-772-7400

12                                             Attorneys for Plaintiff LG Electronics, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## CERTIFICATE OF SERVICE

3        The undersigned certifies that the **SECOND JOINT CASE MANAGEMENT**

4  **STATEMENT** was filed electronically, and pursuant to Civil L.R. 5-5 and 5-6, was served on all

5  interested parties in this action (the above documents were served to registered ECF recipients via

6  electronic service) on August 14, 2008.

7

8  Dated:  August 14, 2008                    SIDLEY AUSTIN LLP

9                                              By:  /s/ Peter H. Kang
                                                    Peter H. Kang
10                                                   SIDLEY AUSTIN LLP
                                                    555 California Street, Suite 2000
11                                                  San Francisco, CA  94104-1715
                                                    Telephone:  415-772-1200
12                                                  Facsimile:  415-772-7400

13                                                  Attorneys for Plaintiff LG Electronics, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-12-

# EXHIBIT A

| U.S. Patent No. 4,939,641 | U.S. Patent No. 5,077,733 | U.S. Patent No. 5,379,379 |
|---|---|---|
| BladeSymphony 1000 Server Modules | | |
| BladeSymphony 320 Server Modules | | |
| SMS Arrays | | |
| Hitachi Freedom Storage Lightning 9900 Series Arrays | | |
| | Hitachi Freedom Storage Thunder 9200 Arrays | |
| NAS Device for AMS/WMS Storage Arrays | | |
| NAS Device for 9900V Storage Arrays | | |
| NAS Device for USP and NSC55 Storage Arrays | | |
| Hitachi Content Archive Platform | | |