Perry R. Clark (SB No. 197101), pclark@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone:     (415) 439-1400
Facsimile:     (415) 439-1500


William A. Streff, Jr., P.C. (IL SB No. 2753979), wstreff@kirkland.com
William E. Devitt, P.C. (Admitted *Pro Hac Vice*), wdevitt@kirkland.com
Mark Varboncouer (Admitted *Pro Hac Vice*), mvarboncouer@kirkland.com
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois  60601
Telephone:     (312) 861-2000
Facsimile:     (312) 861-2200

*Attorneys for Hitachi, Ltd., Hitachi America, Ltd., Hitachi Data Systems Corporation, and Hitachi Computer Products (America), Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| **LG ELECTRONICS, INC.,** | ) |
| | ) |
| **Plaintiff/Counterclaim Defendant,** | ) |
| | ) **Case No: C 07-06511 CW** |
| v. | ) **The Honorable Claudia Wilken** |
| | ) |
| **HITACHI, LTD.,** | ) |
| **HITACHI AMERICA, LTD.,** | ) **DEFENDANTS' SECOND** |
| **HITACHI DATA SYSTEMS CORPORATION,** | ) **AMENDED ANSWER, DEFENSES,** |
| and **HITACHI COMPUTER PRODUCTS** | ) **AND COUNTERCLAIMS** |
| **(AMERICA), INC.,** | ) |
| | ) |
| **Defendants/Counterclaim Plaintiffs.** | ) **DEMAND FOR JURY TRIAL** |
| | ) |

**DEFENDANTS' SECOND AMENDED ANSWER, DEFENSES, AND COUNTERCLAIMS**

For their Answer to the First Amended Complaint, Defendants Hitachi, Ltd. ("HTC"), Hitachi America, Ltd. ("HAL"), Hitachi Data Systems Corporation ("HDS"), and Hitachi Computer Products (America), Inc. ("HCPA") state as follows:

**GENERAL DENIAL**

Unless specifically admitted below, HTC, HAL, HDS, and HCPA deny each and every factual averment contained in the First Amended Complaint. HTC, HAL, HDS, and HCPA further deny that HTC, HAL, HDS, and HCPA can be referred to collectively for purposes of this pleading.

**RESPONSE TO SPECIFIC AVERMENTS**

**1. Plaintiff LG Electronics, Inc. is a corporation organized under the laws of the Republic of Korea and having a principal place of business at LG Twin Towers, 20, Yoido-dong, Youngdungpo-gu, Seoul, Korea 150-721. LGE was established in 1958 as the pioneer in the Korean consumer electronics market and has grown to become a global leader in electronics and information and communications products.**

**RESPONSE:** HTC, HAL, HDS, and HCPA are without knowledge or information sufficient to form a belief as to the truth of the averments concerning LG Electronics, Inc. ("LGE"), and therefore deny each and every factual averment in Paragraph 1.

**2. Upon information and belief, Defendant Hitachi, Ltd. ("Hitachi") is an entity organized and existing under the laws of Japan, with its principal place of business at 6-6, Marunouchi 1-chome, Chiyoda-ku, Tokyo 100-8280, Japan.**

**RESPONSE:** HTC, HAL, HDS, and HCPA admit that HTC is a Japanese entity with its principal place of business at 6-6, Marunouchi 1-chome, Chiyoda-ku, Tokyo 100-8280, Japan. HTC, HAL, HDS, and HCPA deny each and every remaining factual averment in Paragraph 2.

**3. Upon information and belief, Defendant Hitachi America, Ltd. ("Hitachi America") is an entity organized and existing under the laws of New York, with its principal place of business at 2000 Sierra Point Parkway, Brisbane, California 94005. Upon information and belief, Hitachi America is a wholly-owned subsidiary of Hitachi. Hitachi America is qualified to do business in the State of California, and has appointed CSC - Lawyers Incorporating Service, 2730 Gateway Oaks Dr., Ste. 100, Sacramento, California 95833 as its agent for service of process.**

**RESPONSE:** HTC, HAL, HDS, and HCPA admit that HAL is a New York entity with its

principal place of business at 2000 Sierra Point Parkway, Brisbane, California 94005. HTC, HAL, HDS, and HCPA admit that HAL is a wholly-owned subsidiary of HTC, is qualified to do business in the State of California, and has appointed CSC - Lawyers Incorporating Service, 2730 Gateway Oaks Dr., Ste. 100, Sacramento, California 95833, as its agent for service of process in California. HTC, HAL, HDS, and HCPA deny each and every remaining factual averment in Paragraph 3.

**4. Upon information and belief, Defendant Hitachi Data Systems Corporation ("HDS") is a corporation organized and existing under the laws of Delaware, with its principal place of business at 750 Central Expressway, Santa Clara, California 95050. Upon information and belief, HDS is a wholly-owned subsidiary of Hitachi. HDS is qualified to do business in the State of California, and has appointed CT Corporation System, 818 West Seventh St., Los Angeles, California 90017, as its agent for service of process.**

**RESPONSE:** HTC, HAL, HDS, and HCPA admit that HDS is a Delaware corporation with its principal place of business at 750 Central Expressway, Santa Clara, California 95050. HTC, HAL, HDS, and HCPA admit that HDS is indirectly owned by HTC, is qualified to do business in the State of California, and has appointed CT Corporation System, 818 West Seventh St., Los Angeles, California 90017, as its agent for service in California. HTC, HAL, HDS, and HCPA deny each and every remaining factual averment in Paragraph 4.

**5. Upon information and belief, Defendant Hitachi Computer Products (America), Inc. ("HCP") is a corporation organized and existing under the laws of Delaware, with its principal place of business at 1800 E. Imhoff Road, Norman, Oklahoma 73071. Upon information and belief, HCP is a wholly-owned subsidiary of Hitachi America. HCP is qualified to do business in the State of California, and has appointed Dave Kemp, 18809 Cox Ave., Ste. 230, Saratoga, California 95070, as its agent for service of process.**

**RESPONSE:** HTC, HAL, HDS, and HCPA admit that HCPA is a Delaware corporation with its principal place of business at 1800 E. Imhoff Road, Norman, Oklahoma 73071. HTC, HAL, HDS, and HCPA admit that HCPA is a wholly-owned subsidiary of HAL and is qualified to do business in the State of California. HTC, HAL, HDS, and HCPA deny each and every remaining factual averment in Paragraph 5.

**6. Upon information and belief, the Hitachi Defendants have and/or continue to extensively cooperate in and coordinate the design, development, manufacture, sale, offer for**

**sale, and importation of computer equipment, including without limitation, personal computers, storage systems and/or server products (hereinafter known collectively as "Information Handling Systems") into the United States and California. These Information Handling Systems have been and/or are also used, sold, offered for sale, and imported into the United States and California by the Hitachi Defendants.**

**RESPONSE:** HTC, HAL, HDS, and HCPA admit that HTC is involved in the design, development, and manufacture of storage systems, server products, and personal computers. HTC, HAL, HDS, and HCPA admit that HAL is involved in the sale, offer for sale, and importation of server products into the United States and California. HTC, HAL, HDS, and HCPA admit that HDS is involved in the design, development, sale, offer for sale, and importation of storage systems into the United States and California. HTC, HAL, HDS, and HCPA admit that HDS was previously involved in the sale, offer for sale, and importation of personal computers in the United States and California, but HTC, HAL, HDS, and HCPA deny that HDS has any current involvement in such activities. HTC, HAL, HDS, and HCPA admit that HCPA is involved in the manufacture, sale, offer for sale, and importation of storage systems into the United States and California. HTC, HAL, HDS, and HCPA deny that any products referenced herein infringe any of the patents at issue in this case. HTC, HAL, HDS, and HCPA deny each and every remaining factual averment in Paragraph 6.

**7. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.**

**RESPONSE:** HTC, HAL, HDS, and HCPA admit that, as a legal matter, LGE has attempted to state a claim for patent infringement. HTC, HAL, HDS, and HCPA deny that any bases exist for any such claims against any Defendant. HTC, HAL, HDS, and HCPA deny each and every factual averment in Paragraph 7.

**8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).**

**RESPONSE:** HTC, HAL, HDS, and HCPA admit that, as a legal matter, this Court has subject matter jurisdiction over the purported subject matter of this action pursuant to 28 U.S.C. §§ 1331 and

Case 4:07-cv-06511-CW    Document 55    Filed 08/15/2008    Page 5 of 17

1338(a).

**9.** Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). On information and belief, each Defendant has a regular and established place of business in this district, has transacted business in this district, and/or has committed, contributed to and/or induced acts of patent infringement in this district.

**RESPONSE:** For purposes of this action only, HTC, HAL, HDS, and HCPA do not contest that this is one district in which venue is proper. For purposes of this action only, HTC, HAL, HDS, and HCPA do not contest personal jurisdiction over HTC, HAL, HDS, and HCPA. HTC, HAL, HDS, and HCPA deny that they have committed, contributed to, and/or induced acts of patent infringement in any district, including this district. HTC, HAL, HDS, and HCPA deny each and every remaining factual averment in Paragraph 9.

**10.** This is an Intellectual Property Action subject to district-wide assignment under Local Rule 3-2(c).

**RESPONSE:** HTC, HAL, HDS, and HCPA admit that, as a legal matter, this is an Intellectual Property Action subject to district-wide assignment under Local Rule 3-2(c).

**11.** LGE is the owner of all right, title, and interest in U.S. Patent Nos. 4,939,641; 5,077,733; 5,379,379; and 4,918,645 (collectively, "the LGE patents-in-suit"), which the Hitachi Defendants are directly infringing, contributing to the infringement of, or inducing others to infringe by making, using, offering to sell or selling in the United States, or importing into the United States, products or processes that practice inventions claimed in the LGE patents-in-suit.

**RESPONSE:** HTC, HAL, HDS, and HCPA are without knowledge or information sufficient to form a belief as to the truth of the averments concerning ownership of U.S. Patent Nos. 4,939,641; 5,077,733; 5,379,379; and 4,918,645 (collectively, "the LGE patents-in-suit"), and therefore deny the same. HTC, HAL, HDS, and HCPA deny each and every remaining factual averment in Paragraph 11.

**12.** The Hitachi Defendants have profited through infringement of the LGE patents-in-suit. As a result of the Hitachi Defendants' unlawful infringement of the LGE patents-in-suit patent, LGE has suffered and will continue to suffer damage. LGE is entitled to recover from the Hitachi Defendants the damages suffered by LGE as a result of the Hitachi Defendants' unlawful acts.

DEFENDANTS' SECOND AMENDED ANSWER, DEFENSES, AND COUNTERCLAIMS
Case No. C 07-06511 CW
-5-

1   **RESPONSE:**  Denied.

2   **13. Hitachi Defendants' infringement of the LGE patents-in-suit constitutes willful and
3   deliberate infringement, entitling LGE to enhanced damages and reasonable attorney fees and
    costs.**

4   **RESPONSE:**  Denied.

5
6   **14. Upon information and belief, the Hitachi Defendants intend to continue their
    unlawful infringing activity, and LGE continues to and will continue to suffer irreparable
7   harm—for which there is no adequate remedy at law—from such unlawful infringing activity
    unless Hitachi Defendants are enjoined by this Court.**

8   **RESPONSE:**  Denied.

9
10  **15. LGE realleges and incorporates by reference the allegations set forth in paragraphs
    1-14.**

11  **RESPONSE:**  HTC, HAL, HDS, and HCPA repeat and incorporate by reference the responses to

12  Paragraphs 1 through 14 above as though fully set forth herein.

13
    **16. LGE is the owner of all right, title, and interest in U.S. Patent No. 4,939,641 ("the
14  '641 patent") entitled "Multi-Processor System with Cache Memories," duly and properly
    issued by the Patent Office on July 3, 1990.  A copy of the '641 patent is attached as Exhibit A.**
15
    **RESPONSE:**   HTC, HAL, HDS, and HCPA admit that U.S. Patent No. 4,939,641 ("the '641
16
17  patent"), entitled "Multi-Processor System with Cache Memories," issued on July 3, 1990.  HTC,

18  HAL, HDS, and HCPA deny that the '641 patent was duly and properly issued.  HTC, HAL, HDS,

19  and HCPA are without knowledge or information sufficient to form a belief as to the truth of the

20  averments concerning ownership of the '641 patent, and therefore deny the same.  HTC, HAL, HDS,

21  and HCPA admit that a copy of the '641 patent was attached to LGE's First Amended Complaint.

22  HTC, HAL, HDS, and HCPA deny each and every remaining factual averment in Paragraph 16.
23
    **17. The Hitachi Defendants have been and/or are directly infringing, contributing to the
24  infringement of, or inducing others to infringe the '641 patent by, among other things, making,
    using, offering to sell or selling in the United States, or importing into the United States,
25  products, including various Information Handling Systems that embody or incorporate, or the
26  operation of which otherwise practices, one of more claims of the '641 patent.**

27  **RESPONSE:**  Denied.

28

**18.** Hitachi has been and/or is actively inducing infringement of the '641 patent by other ones of the Hitachi Defendants to make, use, offer to sell or sell in the United States, or import into the United States, products, including various Information Handling Systems that embody or incorporate, or the operation of which otherwise practices, one or more claims of the '641 patent.

**RESPONSE:** Denied.

**19.** LGE realleges and incorporates by reference the allegations set forth in paragraphs 1-14.

**RESPONSE:** HTC, HAL, HDS, and HCPA repeat and incorporate by reference the responses to Paragraphs 1 through 14 above as though fully set forth herein.

**20.** LGE is the owner of all right, title, and interest in U.S. Patent No. 5,077,733 ("the '733 patent") entitled "Priority Apparatus Having Programmable Node Dwell Time," duly and properly issued by the Patent Office on December 31, 1991. A copy of the '733 patent is attached as Exhibit B.

**RESPONSE:** HTC, HAL, HDS, and HCPA admit that U.S. Patent No. 5,077,733 ("the '733 patent"), entitled "Priority Apparatus Having Programmable Node Dwell Time," issued on December 31, 1991. HTC, HAL, HDS, and HCPA deny that the '733 patent was duly and properly issued. HTC, HAL, HDS, and HCPA are without knowledge or information sufficient to form a belief as to the truth of the averments concerning ownership of the '733 patent, and therefore deny the same. HTC, HAL, HDS, and HCPA admit that a copy of the '733 patent was attached to LGE's First Amended Complaint. HTC, HAL, HDS, and HCPA deny each and every remaining factual averment in Paragraph 20.

**21.** The Hitachi Defendants have been directly infringing, contributing to the infringement of, or inducing others to infringe the '733 patent by, among other things making, using, offering to sell or selling in the United States, products, including various Information Handling Systems that embody or incorporate, or the operation of which otherwise practices, one or more claims of the '733 patent.

**RESPONSE:** Denied.

**22.** Hitachi has been actively inducing infringement of the '733 patent by other ones of the Hitachi Defendants to make, use, offer to sell or sell in the United States, products, including various Information Handling Systems that embody or incorporate, or the operation of which otherwise practices, one or more claims of the '733 patent.

1  **RESPONSE:** Denied.

2      **23. LGE realleges and incorporates by reference the allegations set forth in paragraphs 1-14.**

**RESPONSE:** HTC, HAL, HDS, and HCPA repeat and incorporate by reference the responses to Paragraphs 1 through 14 above as though fully set forth herein.

    **24. LGE is the owner of all right, title, and interest in U.S. Patent No. 5,379,379 ("the '379 patent") entitled "Memory Control Unit with Selective Execution of Queued Read and Write Requests," duly and properly issued by the Patent Office on January 3, 1995. A copy of the '379 patent is attached as Exhibit C.**

**RESPONSE:** HTC, HAL, HDS, and HCPA admit that U.S. Patent No. 5,379,379 ("the '379 patent"), entitled "Memory Control Unit with Selective Execution of Queued Read and Write Requests," issued on January 3, 1995. HTC, HAL, HDS, and HCPA deny that the '379 patent was duly and properly issued. HTC, HAL, HDS, and HCPA are without knowledge or information sufficient to form a belief as to the truth of the averments concerning ownership of the '379 patent, and therefore deny the same. HTC, HAL, HDS, and HCPA admit that a copy of the '379 patent was attached to LGE's First Amended Complaint. HTC, HAL, HDS, and HCPA deny each and every remaining factual averment in Paragraph 24.

    **25. The Hitachi Defendants have been and/or are directly infringing, contributing to the infringement of, or inducing others to infringe the '379 patent by, among other things, making, using, offering to sell or selling in the United States, or importing into the United States, products, including various Information Handling Systems that embody or incorporate, or the operation of which otherwise practices, one or more claims of the '379 patent.**

**RESPONSE:** Denied.

    **26. Hitachi has been and/or is actively inducing infringement of the '379 patent by other ones of the Hitachi Defendants to make, use, offer to sell or sell in the United States, or import into the United States, products, including various Information Handling Systems that embody or incorporate, or the operation of which otherwise practices, one or more claims of the '379 patent.**

**RESPONSE:** Denied.

    **27. LGE realleges and incorporates by reference the allegations set forth in paragraphs 1-14.**

**RESPONSE:**  HTC, HAL, HDS, and HCPA repeat and incorporate by reference the responses to Paragraphs 1 through 14 above as though fully set forth herein.

**28. LGE is the owner of all right, title, and interest in U.S. Patent No. 4,918,645 ("the '645 patent") entitled "Computer Bus Having Page Mode Memory Access," duly and properly issued by the Patent Office on April 17, 1990. A copy of the '645 patent is attached as Exhibit D.**

**RESPONSE:**  HTC, HAL, HDS, and HCPA admit that U.S. Patent No. 4,918,645 ("the '645 patent"), entitled "Computer Bus Having Page Mode Memory Access," issued on April 17, 1990. HTC, HAL, HDS, and HCPA deny that the '645 patent was duly and properly issued. HTC, HAL, HDS, and HCPA are without knowledge or information sufficient to form a belief as to the truth of the averments concerning ownership of the '645 patent, and therefore deny the same. HTC, HAL, HDS, and HCPA admit that a copy of the '645 patent was attached to LGE's First Amended Complaint. HTC, HAL, HDS, and HCPA deny each and every remaining factual averment in Paragraph 28.

**29. The Hitachi Defendants have been and/or are directly infringing, contributing to the infringement of, or inducing others to infringe the '645 patent by, among other things, making, using, offering to sell or selling in the United States, or importing into the United States, products, including various Information Handling Systems that embody or incorporate, or the operation of which otherwise practices, one or more claims of the '645 patent.**

**RESPONSE:**  Denied.

**30. Hitachi has been and/or is actively inducing infringement of the '645 patent by other ones of the Hitachi Defendants to make, use, offer to sell or sell in the United States, or import into the United States, products, including various Information Handling Systems that embody or incorporate, or the operation of which otherwise practices, one or more claims of the '645 patent.**

**RESPONSE:**  Denied.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

HTC, HAL, HDS, and HCPA deny that LGE is entitled to any relief whatsoever in this action, either as prayed for in its First Amended Complaint or otherwise.

## RESPONSE TO PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiff's demand for a jury trial does not include any factual averments.

## AFFIRMATIVE DEFENSES

HTC, HAL, HDS, and HCPA assert the following affirmative defenses, without assuming the burden of proof when such burden would otherwise be on LGE. In addition to the affirmative defenses described below, HTC, HAL, HDS, and HCPA specifically reserve all rights to assert additional affirmative defenses that become known through the course of discovery.

### First Affirmative Defense

LGE's First Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

HTC, HAL, HDS, and HCPA have not infringed and do not infringe any valid claim of the LGE patents-in-suit, either directly, indirectly, literally, or under the doctrine of equivalents.

### Third Affirmative Defense

Each and every claim of the LGE patents-in-suit is invalid for failure to comply with one or more of the provisions of Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Fourth Affirmative Defense

LGE's claims for damages for the '641, '733, and '645 patents are limited by the expiration of the patents, and LGE is not entitled to injunctive relief with respect to the '641, '733, or '645 patents due to the expiration of the patents.

### Fifth Affirmative Defense

LGE's claims for relief are barred in whole or in part by prosecution history estoppel.

### Sixth Affirmative Defense

LGE's claims for damages for alleged infringement are limited by 35 U.S.C. §§ 286 and 287.

### Seventh Affirmative Defense

On information and belief, LGE's claims for relief are barred in whole or in part by the

doctrine of patent exhaustion.

**Eighth Affirmative Defense**

LGE's claims for relief are barred by the equitable doctrines of laches, waiver, equitable estoppel, implied license, and/or by any other equitable doctrine.

HTC, HAL, HDS, and HCPA reserve the right to assert any additional defenses to LGE's claims as they become known or apparent and to adopt and rely upon any defenses asserted by other parties in this proceeding.

**COUNTERCLAIMS**

Hitachi, Ltd. ("HTC"), Hitachi America, Ltd. ("HAL"), Hitachi Data Systems Corporation ("HDS"), and Hitachi Computer Products (America), Ltd. ("HCPA"), for their Counterclaims against LG Electronics, Inc. ("LGE"), state as follows:

1. HTC, HAL, HDS, and HCPA file these Counterclaims against LGE for a judgment, arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the patent laws of the United States, 35 U.S.C. § 1 *et seq*., declaring that each claim of United States Patent Nos. 4,939,641 ("the '641 patent"); 5,077,733 ("the '733 patent"); 5,379,379 ("the '379 patent"); and 4,918,645 ("the '645 patent") (collectively, "the LGE patents-in-suit") is not infringed and is invalid.

**JURISDICTION AND VENUE**

2. In its First Amended Complaint, LGE has accused HTC, HAL, HDS, and HCPA of infringing the LGE patents-in-suit. HTC, HAL, HDS, and HCPA deny infringement and raise a defense that each and every claim of the LGE patents-in-suit is invalid. Accordingly, an actual case or controversy exists between LGE on the one hand and HTC, HAL, HDS, and HCPA on the other regarding claims of each of the LGE patents-in-suit. Therefore, this Court has subject matter jurisdiction over the claims for declaratory judgment in accordance with the provisions of 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

3. This Court has jurisdiction over LGE for purposes of these Counterclaims, and venue in

1  this district is proper for purposes of these Counterclaims, because LGE has submitted to personal
2  jurisdiction and venue in this Court by filing its First Amended Complaint.

## THE PARTIES

4. Counterclaim plaintiff Hitachi, Ltd. is a Japanese entity having its principal place of business at 6-6, Marunouchi 1-chome, Chiyoda-ku, Tokyo 100-8280, Japan.

5. Counterclaim plaintiff Hitachi America, Ltd. is a New York entity having its principal place of business at 2000 Sierra Point Parkway, Brisbane, California 94005.

6. Counterclaim plaintiff Hitachi Data Systems Corporation is a Delaware corporation having its principal place of business at 750 Central Expressway, Santa Clara, California 95050.

7. Counterclaim plaintiff Hitachi Computer Products (America), Inc. is a Delaware corporation having its principal place of business at 1800 E. Imhoff Road, Norman, Oklahoma 73071.

8. Upon information and belief, counterclaim defendant LGE is a corporation organized and existing under the laws of the Republic of Korea, having its principal place of business at LG Twin Towers, 20, Yoido-dong, Youngdungpo-gu, Seoul, Korea 150-721.

9. On June 27, 2008, LGE filed its First Amended Complaint in this Court alleging that HTC, HAL, HDS, and HCPA infringe the LGE patents-in-suit, and that LGE is the owner of all right, title, and interest in the LGE patents-in-suit.

### COUNT I:  NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 4,939,641

10. HTC, HAL, HDS, and HCPA repeat and reallege the averments in Paragraphs 1 through 9 in these Counterclaims as though fully set forth herein.

11. HTC, HAL, HDS, and HCPA have not infringed and do not infringe any valid claim of the '641 patent, either directly, indirectly, literally, or under the doctrine of equivalents.

12. HTC, HAL, HDS, and HCPA are entitled to a declaration that they have not infringed and do not infringe any valid claim of the '641 patent, either directly, indirectly, literally, or under the doctrine of equivalents.

13. Each and every claim of the '641 patent is invalid, based upon the prior art and failure to meet the conditions of patentability, under 35 U.S.C. §§ 101, 102, 103, and/or 112.

14. HTC, HAL, HDS, and HCPA are entitled to a declaration that each and every claim of the '641 patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

**COUNT II:  NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 5,077,733**

15. HTC, HAL, HDS, and HCPA repeat and reallege the averments in Paragraphs 1 through 9 in these Counterclaims as though fully set forth herein.

16. HTC, HAL, HDS, and HCPA have not infringed and do not infringe any valid claim of the '733 patent, either directly, indirectly, literally, or under the doctrine of equivalents.

17. HTC, HAL, HDS, and HCPA are entitled to a declaration that they have not infringed and do not infringe any valid claim of the '733 patent, either directly, indirectly, literally, or under the doctrine of equivalents.

18. Each and every claim of the '733 patent is invalid, based upon the prior art and failure to meet the conditions of patentability, under 35 U.S.C. §§ 101, 102, 103, and/or 112.

19. HTC, HAL, HDS, and HCPA are entitled to a declaration that each and every claim of the '733 patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

**COUNT III:  NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 5,379,379**

20. HTC, HAL, HDS, and HCPA repeat and reallege the averments in Paragraphs 1 through 9 in these Counterclaims as though fully set forth herein.

21. HTC, HAL, HDS, and HCPA have not infringed and do not infringe any valid claim of the '379 patent, either directly, indirectly, literally, or under the doctrine of equivalents.

22. HTC, HAL, HDS, and HCPA are entitled to a declaration that they have not infringed and do not infringe any valid claim of the '379 patent, either directly, indirectly, literally, or under the doctrine of equivalents.

23. Each and every claim of the '379 patent is invalid, based upon the prior art and failure to meet the conditions of patentability, under 35 U.S.C. §§ 101, 102, 103, and/or 112.

24. HTC, HAL, HDS, and HCPA are entitled to a declaration that each and every claim of the '379 patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

### COUNT IV: NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 4,918,645

25. HTC, HAL, HDS, and HCPA repeat and reallege the averments in Paragraphs 1 through 9 in these Counterclaims as though fully set forth herein.

26. HTC, HAL, HDS, and HCPA have not infringed and do not infringe any valid claim of the '645 patent, either directly, indirectly, literally, or under the doctrine of equivalents.

27. HTC, HAL, HDS, and HCPA are entitled to a declaration that they have not infringed and do not infringe any valid claim of the '645 patent, either directly, indirectly, literally, or under the doctrine of equivalents.

28. Each and every claim of the '645 patent is invalid, based upon the prior art and failure to meet the conditions of patentability, under 35 U.S.C. §§ 101, 102, 103, and/or 112.

29. HTC, HAL, HDS, and HCPA are entitled to a declaration that each and every claim of the '645 patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

### PRAYER FOR RELIEF

WHEREFORE, counterclaim plaintiffs HTC, HAL, HDS, and HCPA respectfully request that judgment be entered in their favor and against counterclaim defendant LGE, and pray that the Court grant the following relief to HTC, HAL, HDS, and HCPA:

a. Dismissal of LGE's First Amended Complaint with prejudice;

b. Denial of all remedies and relief sought by LGE in its First Amended Complaint;

c. A declaration and entry of judgment that HTC, HAL, HDS, and HCPA have not infringed and do not infringe any valid claim of the LGE patents-in-suit, either directly, indirectly, literally, or under the doctrine of equivalents;

d. A declaration and entry of judgment that each and every claim of the LGE patents-in-suit is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112;

e. A declaration that this case is exceptional under 35 U.S.C. § 285 and an award of the reasonable attorney's fees, costs, and expenses incurred by HTC, HAL, HDS,

and HCPA in this action; and

    f.   Such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Civil L.R. 3-6, HTC, HAL, HDS, and HCPA hereby demand a trial by jury on all issues and claims so triable.

| | |
|---|---|
| 1 | |
| 2 | Dated: August 15, 2008 |

<div style="margin-left: 4em;">

Respectfully submitted,
/s/ Perry R. Clark
Perry R. Clark
State Bar No. 197101
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
E mail: pclark@kirkland.com

William A Streff, Jr., P.C.
William E. Devitt, P.C.
Mark L. Varboncouer
KIRKLAND & ELLIS LLP
200 E. Randolph Drive
Chicago, IL 60601
Telephone: (312) 861 2000
Facsimile: (312) 861 2200

*Attorneys for Hitachi, Ltd., Hitachi America, Ltd., Hitachi Data Systems Corporation, and Hitachi Computer Products (America), Inc.*

</div>

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

The undersigned certifies that **DEFENDANTS' SECOND AMENDED ANSWER, DEFENSES, AND COUNTERCLAIMS** was filed electronically, and pursuant to Civil L.R. 5-5 and 5-6, was served on all interested parties in this action (the above documents were served on registered ECF users via electronic service) on August 15, 2008.


Dated:  August 15, 2008                                    /s/ Perry R. Clark
                                                                              Perry R. Clark