**Counsel Listed on Signature Page**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | | |
|---|---|---|
| LG ELECTRONICS, INC., | ) | Case No:    4:07 CV 6511 CW |
|     Plaintiff/Counterclaim Defendant, | ) | |
|     v. | ) | **AMENDED STIPULATED PROTECTIVE ORDER** |
| HITACHI, LTD., HITACHI AMERICA, LTD., HITACHI DATA SYSTEMS CORPORATION, and HITACHI COMPUTER PRODUCTS (AMERICA), INC., | ) ) ) ) | |
|     Defendants and Counterclaimants. | ) ) | |

## AMENDED STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff LG Electronics Inc., ("LGE"), and Defendants Hitachi, Ltd., Hitachi America, Ltd., Hitachi Data Systems Corporation, and Hitachi Computer Products (America), Inc. (collectively, "Defendants") (Plaintiff and Defendants collectively, the "Parties"; individually, each a "Party") that, consistent with the terms set forth herein, this Amended Stipulated Protective Order ("Stipulated Protective Order") shall govern the handling of all materials produced in this action ("Produced Material"), by any Party or non-party (the "Producing Party"), including, but not limited to, documents (including electronically-stored information) and things produced pursuant to Rule 34 or Rule 45; testimony upon written questions pursuant to Rule 31; testimony adduced at depositions upon oral examination and transcripts, videotapes, and exhibits thereof pursuant to Rule 30; discovery requests and written responses thereto pursuant to Rules 33 or 35; source code; and discoverable materials derived from any of the foregoing.

1.     **"Confidential Material."**

The Producing Party, whether or not a Party to this action, may designate as "Confidential Material" pursuant to this Stipulated Protective Order any Produced Material that the Producing Party in good faith believes not to be in the public domain and to contain: (i) any trade secret, or other confidential intellectual property or proprietary technical information, including, without limitation, research or development information, source code, design and technical documents, drawings and internal product specifications;  (ii) confidential or proprietary business, strategic, non-public financial or marketing information, or any other personal or commercial information including, without limitation, any agreement such as purchase, joint development or licenses, forecasts, customer lists, pricing data, cost data, customer orders, customer quotations and marketing plans;  (iii) pending or abandoned patents, trademark and copyright applications, foreign

-1-

AMENDED STIPULATED PROTECTIVE ORDER
CASE NO.  4:07 CV 6511 CW

or domestic, unless published or otherwise publicly available; or (iv) any other information not normally revealed to third parties or, if revealed to third parties, is such that the Producing Party would require that the material be held in confidence.  Any Produced Material that a Producing Party is required, by agreement or court order, to treat as "Confidential Material" may be designated as "Confidential Material" in accordance with this Stipulated Protective Order.  A Producing Party may also designate as "Confidential Material" any information that the Producing Party believes in good faith falls within the right to privacy guaranteed by the laws of the United States, the Republic of Korea, Japan, California, Oklahoma and/or any other jurisdictions where the parties are located. Any copies or reproductions, excerpts, summaries or other documents or media that paraphrase, excerpt or contain Confidential Material shall also be treated, and shall hereinafter be referred to, as "Confidential Material."

> **2.**     **Scope of Stipulated Protective Order.**

>      (a)     This Stipulated Protective Order shall govern Confidential Material that is, directly or indirectly, set forth, revealed, produced, or provided (i) in discovery requests promulgated under the Federal Rules of Civil Procedure, and under Local Rules and Patent Rules of the Northern District of California and responses thereto; (ii) in any documents (including electronically-stored information), things, or premises produced pursuant to, or made available for inspection in response to, a discovery request or subpoena under the Federal Rules of Civil Procedure; (iii) during depositions upon oral or written examination under the Federal Rules of Civil Procedure; (iv) in connection with any other discovery taken in this action, whether pursuant to the Federal Rules of Civil Procedure, informally, or by agreement; (v) in correspondence (including attachments and enclosures) relating to this litigation; (vi) in submissions to or before the Court, including testimony, briefs, exhibits and declarations; (vii) in response to any Order of the Court; and (viii) in connection with any mediation or settlement negotiation.  This Stipulated Protective Order shall also govern the

handling of documents, and all other forms of recorded information, containing or derived from the information in any Confidential Material. This Stipulated Protective Order also shall govern any oral or written conveyance of the contents of Confidential Material.  This Stipulated Protective Order also shall apply to (i) Confidential Material inadvertently or unintentionally produced without designation consistent with the provisions set forth in Paragraph 14 and (ii) inadvertently or unintentionally produced privileged information consistent with the provisions set forth in Paragraph 15.

(b)     This Stipulated Protective Order has no effect upon, and shall not apply to, (i) any Producing Party's use of its own Confidential Material for any purpose; (ii) any person's use of documents or other information developed or obtained independently of discovery in this litigation for any purpose, whether or not such documents or other information also were Produced Material in this litigation; (iii) information that is or becomes part of the public domain through no breach of the provisions of this Stipulated Protective Order; or (iv) information that is disclosed by a third party without restriction as to disclosure, provided such third party has the right to make the disclosure.

**3.     <u>Designation of Confidential Material.</u>**

The designation of any information as Confidential Material for purposes of this Stipulated Protective Order shall be made in the following manner:

(a)     <u>Hard Copy / Written Material (except transcripts and discovery requests and responses).</u>  With regard to any hard copy / written material (excluding transcripts to depositions or other testimony and discovery requests and responses), a legend "Confidential Material" (or substantially similar legend) shall be affixed to each page containing Confidential Material.

(b)     <u>Electronically-Stored Information.</u>  With regard to any electronically-stored information produced in searchable .tiff format, a legend "Confidential Material" (or substantially

AMENDED STIPULATED PROTECTIVE ORDER
CASE NO.  4:07 CV 6511 CW

similar legend) shall be included on each image containing any Confidential Material.  With regard to electronically-stored information produced in a format other than searchable .tiff, an appropriate legend shall be included on each image, page or document to the extent practicable.  Where it is not practicable to include a legend on each image, page or document, an appropriate legend shall be affixed to the CD or other media on which the Producing Party produces the electronically-stored information.  Any printout made from the CD or other media shall be immediately and conspicuously marked "Confidential Material" consistent with the legend affixed to the CD or other media, and also with a unique page identifier.

(c)     Materials, Things, and Premises Produced for Inspection.  (i) When files and records are produced for inspection, no legend need be affixed in advance of the inspection.  For purposes of the initial inspection, all Produced Material shall be considered designated as Confidential Material.  Thereafter, upon a selection of specified documents for copying by the inspecting Party, a legend in the form set forth in Paragraph 3(a) shall be affixed to each page containing Confidential Material.  (ii)  For information revealed by inspection of things or premises, prior to or during the inspection, the Producing Party shall state in writing that its Confidential Material will be disclosed by the inspections and specify in writing those parts of the things or those areas of the premises in which its Confidential Material will be revealed.

(d)     Discovery Requests and Responses.  With respect to discovery requests and responses, by stating in each relevant request or response that it contains "Confidential Material" or clearly indicating on the cover that requests or responses therein contain Confidential Material.

(e)     Deposition Procedures.

(i)     If information to be treated as Confidential Material is revealed during a deposition, trial, hearing, or other testimony, then the transcript (and related machine readable media, if any) may be designated as containing Confidential

-4-

Material by notifying the other Parties on the record at the time of the testimony, or by notifying the other Parties in writing, within twenty-one (21) calendar days of receipt of the transcript by the Producing Party (*i.e.*, the deponent) of the specific pages and lines of the transcript which contain Confidential Material.

(ii)     All depositions, regardless of whether a designation of confidentiality was made on the record, shall be treated as containing Confidential Material until twenty-one (21) calendar days after a transcript of the deposition is received by the Producing Party, unless expressly waived on the record or in writing by the Producing Party.  After such twenty-one (21) calendar day period has expired and in the absence of any written notice concerning the specific portions of the transcript that the Producing Party believes contain Confidential Material, the transcript of testimony shall be treated as designated on the record at the time of testimony or, if no designations were made, then the transcript of testimony shall not be afforded any confidentiality pursuant to this Stipulated Protective Order.

(iii)    Where deposition, trial, hearing, or other testimony has been designated as Confidential Material, a legend in the form set forth in Paragraph 3(a) shall be affixed to each page of the transcript volume containing such Confidential Material and to each videotape (or other storage media) on which the testimony was recorded and/or is stored or maintained.

(f)     Any Producing Party may also apply for an order to supplement the foregoing categories of Confidential Material or to designate particular information not within the foregoing categories as confidential.  The designation by any Producing Party of any Produced Material as Confidential Material shall constitute a representation that such Produced Material has been reviewed by an attorney for the Producing Party and that there is a valid basis for such designation.

**4.** **Challenges to Designations of Confidential Material.**

(a)     If any Party disagrees with the designation of any Produced Material as Confidential Material, then the parties to the dispute, after providing notice to all Parties in the action, shall attempt to resolve the dispute informally and in good faith before presenting the dispute to the Court.

(b)     All such Produced Material objected to shall continue to be treated as Confidential Material, as originally designated by the Producing Party, pending resolution of the dispute.  If the dispute is resolved, then all Parties shall promptly be informed of the resolution.  If the dispute cannot be resolved informally, then the objecting Party may bring a motion to change the designation.  If the Producing Party is a party to this action, then it bears the burden of persuading the Court that the Produced Material is Confidential within the definitions of Paragraph 1.  If the Producing Party is not a party to this action, then the objecting Party bears the burden of persuading the Court that the Produced Material is not Confidential within the definitions of Paragraph 1.  The Produced Materials shall continue to be treated as Confidential, as originally designated by the Producing Party, during the pendency of any motion and resulting writ or related appeal.

(c)     A Party may challenge the Producing Party's designation of the material at any time and is not obligated to challenge the propriety of a designation when the Produced Material initially is produced.  Failure of any Party to challenge the claim of confidentiality with respect to any Produced Material shall not constitute a waiver of the right to assert at any subsequent time that the same is not in fact confidential or not an appropriate designation for any reason.

**5.** **Disclosure and Use of Confidential Material.**

Subject to Paragraph 2(b) and Paragraph 5(b), Confidential Material shall be used solely for the purpose of this litigation and not for any other purpose and disclosed only to those persons identified in Paragraphs 5(a).

-6-

AMENDED STIPULATED PROTECTIVE ORDER
CASE NO.  4:07 CV 6511 CW

(a)     <u>Confidential Material.</u>  Confidential Material may be disclosed, summarized, described, revealed, or otherwise made available in whole or in part only in accordance with the terms of this Stipulated Protective Order and only to the following persons and under the following conditions:

(i)     <u>Outside Counsel.</u>  Attorneys who are admitted to practice law in the United States, who subject themselves to the jurisdiction of the United States District Court for the Northern District of California and who are employed by or are partners of, or of counsel of, Kirkland & Ellis LLP (retained by Defendants) or Sidley Austin LLP or Finnegan, Henderson, Farabow, Garrett & Dunner, LLP (retained by LGE) and who actively are involved in this litigation, as well as secretarial, stenographic, clerical, technical, and paralegal employees to the extent necessary to assist such outside counsel in the conduct of this litigation;

(ii)     <u>Experts or Consultants.</u>  Subject to the conditions set forth in Paragraph 6, outside experts or outside consultants (who are not current employees of or otherwise affiliated with any of the Parties or their affiliates), including their administrative and clerical staff, retained by the Parties for purposes of this litigation;

(iii)     <u>Litigation Vendors.</u>  Outside photocopy, imaging, database, graphics, translation, and design services retained by the outside counsel set forth in Paragraph 5(a)(i), to the extent necessary to assist such counsel in this litigation;

(iv)     <u>Court Reporters.</u>  Stenographic and videotape court reporters engaged in proceedings incident to preparation for deposition or trial;

(v)     <u>Court Personnel.</u>  Officers of this Court (including the jury) and their supporting personnel, or officers of any appellate court to which any appeal may be taken or in which review is sought and their supporting personnel;

-7-

AMENDED STIPULATED PROTECTIVE ORDER
CASE NO.  4:07 CV 6511 CW

(vi)      Drafters or Recipients.  Any person who was an author, addressee, or intended and/or authorized recipient of the Confidential Material, provided, however, that, other than at trial or in deposition, if the person to whom disclosure is made is a former employee of a Producing Party or its affiliate, then the disclosure shall be made only after the following conditions have been satisfied:  (i) the Producing Party has received notice of the proposed disclosure and (ii) the  Producing Party has approved of the disclosure pursuant to this Paragraph or the Court has ruled that the person may receive the Confidential Material.  Each such Producing Party shall have ten (10) calendar days from the date of service of such notice to object to the proposed disclosure if service is accomplished by hand, email or facsimile.  If service is accomplished by other means, then the Producing Party shall have fourteen (14) calendar days from the date of service of such notice to object to the proposed disclosure.  Service after 5:00 p.m. local time of counsel for the Producing Party shall be deemed effective the following day.  Any objection by the Producing Party must be for good cause, stating with particularity the reasons for the objection, and must be in writing served on all Parties.  Failure to object within the foregoing applicable time period, shall constitute approval of the disclosure by the Producing Party.  If the Parties are unable to resolve the Producing Party's objections, then application may be made to the Court to resolve the matter;

(vii)      Producing Party Witness.  Persons described in Paragraph 10; and

(viii)      Jury or Trial Consultants.  Subject to the conditions set forth in Paragraph 6, jury or trial consultants retained by counsel for the Parties for the purpose of trial preparation in this litigation, their employees, and any mock jurors

AMENDED STIPULATED PROTECTIVE ORDER
CASE NO.  4:07 CV 6511 CW

engaged by such jury or trial consultants in connection with trial preparation in this litigation.

(b)     Advice to Client.  Nothing in this Stipulated Protective Order shall bar or otherwise restrict counsel, who is a qualified recipient under the terms of Paragraph 5(a)(i) from rendering advice to his or her client with respect to this litigation, and in the course thereof, from generally relying upon his or her examination of Confidential Material.  In rendering such advice or in otherwise communicating with the client, counsel shall not disclose the specific content of any Confidential Material of a Producing Party where such disclosure would not otherwise be permitted under the terms of this Stipulated Protective Order.

(c)     Prosecution Bar. (i)  Notwithstanding the other provisions in this Paragraph, no Party shall disclose any Confidential Material to any lawyer, patent agent, or other person who (A) writes or prosecutes patent applications in the blade-server, network-attached storage, or disk-array storage fields ("Server/Storage field"); or (B) reviews or provides input to patent applications being prosecuted in the Server/Storage field; provided, however, this Paragraph shall not prohibit personnel identified in this Paragraph (a)(i) from advising third-party clients with respect to the reexamination of patents in the Server/Storage field (other than the patents subject to this litigation, and any patents related thereto).  (ii) Anyone who receives Confidential Material who desires to (A) write or prosecute any patent application in the Server/Storage field, or (B) provide input to a patent application in the Server/Storage field, shall forthwith notify the Producing Party to whose Confidential Material the person has been exposed in writing.  The Producing Party shall have fifteen (15) calendar days to object which objection shall preclude participation in writing, prosecuting or providing input to a patent application in the Server/Storage field.   With respect to any person covered by this Paragraph, these provisions shall survive until the earlier of: (A) one (1) year from the Termination of the Litigation (defined in Paragraph 18); or (B) one (1) year from the

-9-

termination of the covered person's affiliation with their current law firm and the covered person's representation of a party to this action.

(d)     Notwithstanding the other terms of this Stipulated Protective Order, the Producing Party may request in writing (or on the deposition record in the case of testimony) that Confidential Material not be disclosed to particular persons or categories of persons to whom Confidential Material would otherwise be permitted to be disclosed.  Such a request shall be made only if the Producing Party believes in good faith that disclosure of Confidential Material to the particular person or categories of persons is reasonably likely to cause serious injury to the Producing Party's business interests.  Any disagreement over such a request shall be resolved promptly or, absent such resolution, the Parties hereby consent to an expedited hearing upon the motion of the Producing Party to resolve their disagreement and, pending such resolution, the confidentiality of Confidential Material shall be maintained in accordance with the Producing Party's request.

**6.     <u>Undertaking.</u>**

(a)     All proposed experts, consultants, and jury or trial consultants may receive Confidential Material only after the following conditions have been satisfied:  (i) the proposed recipient has executed the undertaking attached hereto as <u>Exhibit A</u>; (ii) the undertaking has been served on the Producing Party together with the following information (A) any and all current professional relationship(s) with any of the Parties, any known competitor of the Parties, any Person or entity involved in the Server/Storage industry, or any known affiliate of any of the foregoing Persons or entities and (B) for experts or consultants, a curriculum vitae showing employment/consulting history, including any prior employment or affiliation with any of the Parties, any known competitor of the Parties, any Person or entity involved in the Server/Storage industry, or any known affiliate of any of the foregoing Persons or entities; publications; and prior

AMENDED STIPULATED PROTECTIVE ORDER
CASE NO.  4:07 CV 6511 CW

testimony; and (iii) the Producing Party has approved the recipient pursuant to Paragraph 6(b) or the Court has ruled on an application that the proposed recipient may receive the Confidential Material. To the extent that the specific identification of an expert or consultant's client cannot be provided due to a confidentiality agreement, or otherwise, the Party seeking to make the disclosure must provide sufficient disclosure so that the Producing Party can reasonably assess any concerns regarding the disclosure of such information to such expert or consultant.

(b)     The Producing Party shall have ten (10) calendar days after notice complying with the requirements of Paragraph 6(a) is received to object to the disclosure of the Produced Material to the person(s) identified if service of the notice under Paragraph 6(a) is accomplished by hand, email or facsimile.  If service is accomplished by other means, then the Producing Party shall have fourteen (14) calendar days to object.  Service after 5:00 p.m. local time of counsel for the Producing Party shall be deemed effective the following day.  Any objection shall be made in good faith, stating with particularity the reasons for the objection, and must be served in writing on all Parties.  Failure to object within the period referenced above shall be deemed approval, and the person(s) shall thereafter be qualified to have access to the Confidential Material of the Producing Party.  Should the parties be unable to resolve the objection, then the party objecting to the disclosure shall raise this matter with the Court and request an Order restricting such person's access to the Confidential Material.

(c)     The administrative and clerical staff of an outside consultant or expert identified Paragraph 5(a)(ii) shall be deemed to have signed the undertaking in the form of Exhibit A when the outside expert or consultant supervising such individuals has executed the undertaking. Likewise, the support, administrative, or clerical staff of a jury or trial consultant under Paragraph 5(a)(viii) shall be deemed to have signed the undertaking in the form of Exhibit A when the jury consultant supervising or employing such individuals has executed the undertaking.

-11-

7.     **Deposition Procedures.**

(a)     At any deposition, when counsel for a Party or the deponent deems that the answer to a question will result in the disclosure of Confidential Material, counsel shall have the option, in lieu of taking other steps available under the Federal Rules of Civil Procedure, to request that all persons other than the reporter, videographer, counsel and individuals specified in Paragraph 5(a) who have access to the confidential information, leave the deposition room during the Confidential portion of the deposition.  The failure of such other persons to comply with such requests shall constitute substantial justification for counsel to advise the witness that he or she need not answer the question pending.

(b)     Any deposition testimony concerning Confidential Material produced by a non-party will be marked by the court reporter as Confidential on the deposition transcript.

8.     **Maintenance of Confidential Material.**

(a)     Confidential Material shall be maintained at all times in secure facilities with reasonable precautions taken to ensure that access to such material is restricted to persons entitled to have such access pursuant to this Stipulated Protective Order.

(b)     Notwithstanding Paragraph 8(a), Confidential Material may be (i) submitted to the Court and used as exhibits at trial or a hearing in this action pursuant to Paragraph 11; (ii) submitted to court reporters as deposition exhibits in this action; and (iii) temporarily removed from the facilities identified above for the purposes of conducting witness interviews or depositions (consistent with the terms of this Stipulated Protective Order), for consultation with experts or consultants (as described in Paragraph 5(a)(ii) and 5(a)(viii) hereof), photocopying, imaging and database preparation (as described in Paragraphs 5(a)(iii)), and for hearings, conferences and trial of this action in this Court and any appeals of this action.  Reasonable precautions shall be taken to

AMENDED STIPULATED PROTECTIVE ORDER
CASE NO.  4:07 CV 6511 CW

ensure that access to all Confidential Material temporarily removed from the secure facilities is restricted to persons entitled to have such access pursuant to this Stipulated Protective Order.

**9.      Filing Under Seal.**

All Confidential Material filed with the Court shall be filed under seal in accordance with Local Rule 79-5 and pursuant to the following procedures:

(a)      Where possible, only Confidential portions of filings with the Court shall be filed under seal.

(b)      Information filed under seal shall be clearly marked with the words "FILED UNDER SEAL" and a statement substantially in the following form:

> This document is filed under seal pursuant to order of the Court and contains Confidential Material filed in this case by [name of Party] and is not to be reviewed, displayed or revealed except by order of the Court.

(c)      Where documents filed under seal are transmitted between the Parties, they shall be clearly marked as having been filed under seal and disclosed and used solely in accordance with the terms and conditions of this Stipulated Protective Order.

(d)      Portions of discovery materials, deposition transcripts, trial exhibits, demonstrative exhibits, trial testimony, briefs, memoranda, and all other documents and things filed with the Court or presented at trial that contain Confidential Material shall become part of the in camera record and shall not be made part of the public record in the above-captioned proceeding unless the Court determines otherwise after providing an opportunity for the Producing Party to argue in favor of maintaining its confidentiality.

**10.      Use During Examination or Cross-Examination.**

Nothing herein shall limit a Party's ability to use Confidential Material to examine or cross-examine deposition or trial witnesses (a) who are present during the examination/cross-examination of other deposition or trial witnesses who wrote or received the information; (b) who

-13-

AMENDED STIPULATED PROTECTIVE ORDER
CASE NO.  4:07 CV 6511 CW

are current or former officers, employees, experts, agents, consultants or attorneys of the Producing Party from which the Confidential Material originated or was received; and/or (c) whom the Producing Party has designated under Federal Rule of Civil Procedure 30(b)(6).

**11.     Disclosure of Confidential Material at Trial or Hearing.**

(a)     The Parties shall confer and attempt in good faith to agree before any trial or other hearing on the procedures under which Confidential Material may be introduced into evidence or otherwise used at such trial or hearing.  Upon reaching agreement, the Parties shall give notice of the terms of such agreement to each non-party producing any Confidential Material which may be used or introduced at such trial or hearing.  Absent agreement, the Court shall be asked to issue an order governing the use of such Confidential Material at trial or hearing upon reasonable notice to all parties and non-parties who have produced such information.

(b)     The Parties shall provide non-parties with notice of potential use at trial of any Confidential Material produced by them as soon as practicable if and when they are listed as potential exhibits in the required filings prior to commencement of trial.  The Parties shall give notice as soon as practicable after Confidential Material which is not listed on the exhibit list is determined to be used by counsel for a Party in the course of examination or cross-examination at trial.

(c)     In the event that any Confidential Material is used in any pre-trial court hearing or proceeding in these actions, and there is any dispute as to whether such material continues to be Confidential, the Parties will meet and confer to resolve such dispute.

**12.     Special Handling of Computer Source Code**

(a)     Certain information may be designated "Confidential Material —Source Code."  The "Confidential Material — Source Code" designation is reserved for information that includes source code, object code, Hardware Descriptive Language ("HDL" including, for example,

-14-

Verilog or VHDL files) for integrated circuits, and documentation relating to any such source code, object code or HDL files (for the purposes of this Order only, such source code, object code, HDL files will be referred to for convenience as "Source Code"), including, but not limited to, technical specifications that explain the operation of the Source Code, functional specifications, communications and messaging protocols, information technology ("IT") specifications and IT platforms. Information designated "Confidential Material — Source Code" shall be provided the following further protections described in this Paragraph 12.

(b)     Access to Source Code shall be provided only to those persons authorized in Paragraphs 5(a)(i) and 5(a)(ii), subject to the Prosecution Bar pursuant to Paragraph 5(c); and to the extent applicable, to those persons authorized in Paragraphs 5(a)(vi) and 5(a)(vii);

(c)     When producing Source Code in its native or searchable electronic form, a party shall produce a copy of the Source Code on a CD, DVD, or stand-alone hard drive, to the extent such Source Code exists in native or searchable electronic form.  To the extent such Source Code exists only in hard copy form, the Parties shall have no obligation to create an electronic version thereof.

(d)     A party producing Source Code shall provide the receiving party with a single, stand-alone computer ("Secure Computer"), on which a CD, DVD, or hard drive containing Source Code will be available for inspection by the receiving party.  The Secure Computer shall be kept in a secure location under lock and key at the offices of outside counsel for the receiving party, and the Secure Computer shall be the only computer on which Source Code not previously produced and designated "Confidential Material – Source Code" may be inspected by the receiving party.

(e)     The Secure Computer shall be provisioned with sufficient tools and have sufficient capability to review Source Code.  The receiving party shall notify the Producing Party of the specific tools that the receiving party requires to review the produced Source Code, and the

AMENDED STIPULATED PROTECTIVE ORDER
CASE NO.  4:07 CV 6511 CW

parties shall meet-and-confer in good faith to determine the most efficient manner in which the required tools will be loaded onto the Secure Computer.

(f)     The Secure Computer shall not be connected to any network or any printer, and the use of the Secure Computer by the receiving party shall be restricted only to the sole purpose of reviewing the Source Code produced by the Producing Party.

(g)     If the receiving party desires printouts of the Source Code, the receiving party shall notify the Producing Party.  Upon notification by the receiving party of a request for a printout of Source Code, the Producing Party shall print the requested portions of the Source Code, Bates number the printouts, label the printouts as "Confidential Material – Source Code," and produce the printouts to outside counsel for the receiving party.  Except as provided in Paragraph 12(k), such Bates-numbered printouts shall be the only permitted Source Code printouts.

(h)     Excerpts of Source Code may be included in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("Source Code Documents").   Each excerpt of Source Code quoted in a Source Code Document shall be insubstantial when compared to the entire Source Code produced by the Producing Party – as an example, excerpts of approximately 25 to 40 lines in length would be allowed.  To the extent portions of Source Code are quoted in a Source Code Document, either (1) the entire document will be stamped and treated as "Confidential Material — Source Code" or (2) those pages containing quoted Source Code will be separately bound, stamped, and treated as "Confidential Material — Source Code."

(i)     Except for scanned versions of documents designated "Confidential Material – Source Code," no electronic copies of Source Code shall be made. However, to the extent portions of Source Code are quoted in a Source Code Document, the persons described in Paragraph 12(b) shall be permitted to store and access Source Code Documents on a computer and on a computer

-16-

network that limits access to only necessary viewers; the persons described in Paragraph 12(b) may also send Source Code Documents to other persons described in Paragraph 12(b), and to persons described in Paragraphs 5(a)(iii-vii) to the extent necessary.

(j)      Scanned versions of documents designated "Confidential Material – Source Code" and Source Code Documents stored on a computer or computer network shall be password protected so as to limit access only to persons described in Paragraph 12(b), and to persons described in Paragraphs 5(a)(iii-vii) to the extent necessary.

(k)      If persons described in Paragraph 12(b), and to the extent necessary, persons described in Paragraphs 5(a)(iii-vii), make printouts or photocopies of Source Code Documents, such persons shall keep the printouts or photocopies of Source Code Documents in a secure location under lock and key in their offices.  The persons described in Paragraph 12(b) may also temporarily keep the printouts or photocopies of Source Code Documents at: (1) the sites where any depositions relating to Source Code are taken for the dates associated with the taking of the deposition; (2) the Court; or (3) any intermediate location reasonably necessary to transport the information (*e.g.*, a hotel prior to a deposition).

### 13.      <u>Unauthorized Disclosure and Use.</u>

(a)      If Confidential Material is disclosed to any person other than in the manner authorized by this Stipulated Protective Order (an "Unauthorized Person"), the party responsible for the unauthorized disclosure, and any party with knowledge of the unauthorized disclosure shall, immediately upon learning of such disclosure, inform the Producing Party of all pertinent facts relating to such disclosure including, without limitation, an identification of the Confidential Material disclosed and the Unauthorized Persons to whom the disclosure was made.

(b)      The party responsible for the disclosure also promptly shall take all reasonable measures to recover the Confidential Material disclosed without authorization and to ensure that no

-17-

AMENDED STIPULATED PROTECTIVE ORDER
CASE NO.  4:07 CV 6511 CW

further or greater unauthorized disclosure or use of such information or Confidential Materials is made by doing the following, without limitation, (i) promptly informing the Unauthorized Person that the material contains Confidential Material <u>and</u> of the provisions of this Stipulated Protective Order; (ii) requesting that the Unauthorized Person sign an undertaking in the form attached as <u>Exhibit A</u> (to be promptly provided to the Producing Party); and (iii) retrieving all copies of Confidential Material disclosed to the Unauthorized Person.  The Producing Party and party that disclosed the Confidential Material shall cooperate in good faith in this effort.

(c)     Any person found to have made an impermissible use of any Produced Material will be subject to, without limitation, appropriate civil penalties, including contempt of court.

**14.     <u>Inadvertent or Unintentional Production of Confidential Material.</u>**

(a)     The inadvertent or unintentional production of Confidential Material without designation, or failure to otherwise designate, shall not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter, so long as the inadvertent or unintentional disclosure was not the result of recklessness or gross negligence on the part of the Producing Party.

(b)     Any such inadvertently or unintentionally disclosed Confidential Material may subsequently be appropriately designated by written request of the Producing Party.  The Party to whom such inadvertent disclosure is made shall, upon written request by the Producing Party, treat such material as Confidential Material in accordance with this Stipulated Protective Order.  The receiving party also shall make a good faith effort to retrieve any previously disclosed Confidential Material from unauthorized recipients.  If the receiving party is unable to arrange for the return or destruction of such documents and things from such unauthorized parties or individuals, then the

AMENDED STIPULATED PROTECTIVE ORDER
CASE NO.  4:07 CV 6511 CW

receiving party shall notify the Producing Party within fourteen (14) calendar days of notice from the Producing Party of the identity of such unauthorized parties or individuals and the efforts made to secure the return or destruction of such documents and things.  The receiving party's disclosures, prior to the receipt of notice from the Producing Party of a new designation, of Confidential Material to unauthorized parties or individuals shall not be deemed a violation of this Stipulated Protective Order.

        (c)      The Producing Party shall promptly provide substitute copies of Produced Material bearing the appropriate confidentiality legend in accordance with Paragraph 3.  Within fourteen (14) calendar days of the receipt of substitute copies of the Produced Material, the receiving party shall return or destroy said originally Produced Material and not retain any copies thereof.

        (d)      If the receiving party disagrees with the redesignation of the Produced Material it may challenge the confidentiality designation pursuant to and in the manner prescribed in Paragraph 4.

        **15.**      **<u>Inadvertent or Unintentional Production of Privileged Material.</u>**

        (a)      The inadvertent or unintentional production of any Produced Material that the Producing Party later claims should have been withheld on grounds of attorney-client privilege, the work product doctrine or any other applicable privilege, doctrine or immunity ("Inadvertently Produced Privileged Material") will not be deemed a waiver of or estoppel as to any claim of privilege, protection, or immunity.  Consistent with Federal Rule of Civil Procedure 26(b)(5)(B), a Producing Party may notify the other parties of the Inadvertently Produced Privileged Material by identifying the material and stating the basis for withholding such Inadvertently Produced Privileged Material from production.

        (b)      Upon receiving notification of Inadvertently Produced Privileged Material, the parties possessing said material shall within five (5) calendar days destroy or return to the Producing

AMENDED STIPULATED PROTECTIVE ORDER
CASE NO.  4:07 CV 6511 CW

Party the Inadvertently Produced Privileged Material and all copies thereof and shall expunge from any other document or material information solely derived from the Inadvertently Produced Privileged Material.  The Parties recognize that this protection is stricter than that provided for under Federal Rule of Civil Procedure 26(b)(5)(B).  After the Inadvertently Produced Privileged Material is destroyed or returned pursuant to this Paragraph, a Party may move the Court for an order compelling production of the Inadvertently Produced Privileged Material, but said Party may not assert as a ground for compelling production the fact or circumstance that the Inadvertently Produced Privilege Material had already been produced.

**16.     Efforts by Non-Parties to Obtain Confidential Material.**

(a)     If any Party (i) is subpoenaed in another action, (ii) is served with a demand in another action to which it is a party, or (iii) is served with any other legal process by one not a party to this litigation, seeking Produced Material that was designated as Confidential Material (the "Subpoenaed Party") under this Stipulated Protective Order, then the Subpoenaed Party shall transmit a copy of such subpoena, demand, or legal process within five (5) business days of receipt of such subpoena, demand or legal process, to the Producing Party that produced the Produced Material and shall reasonably cooperate with the Producing Party in preparing timely objections to its production.

(b)     Should the person seeking access to the Confidential Material take action against the Subpoenaed Party to enforce such a subpoena, demand or other legal process, the Subpoenaed Party shall respond by setting forth the existence of this Stipulated Protective Order. The Subpoenaed Party shall not produce any Confidential Material without the prior written consent of the Producing Party unless in response to an order of a court of competent jurisdiction. Notwithstanding the foregoing, nothing herein shall be construed as requiring the Subpoenaed Party to challenge or appeal any order requiring production of Confidential Material covered by this

AMENDED STIPULATED PROTECTIVE ORDER
CASE NO.  4:07 CV 6511 CW

Stipulated Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

**17.** **Termination of Access.**

(a) In the event that any person or party ceases to be engaged in the conduct of this litigation, such person's or party's access to any and all Confidential Material shall be terminated. In addition, all copies of Confidential Material shall be returned or destroyed consistent with the procedure in Paragraph 18 as soon as practicable, and no later than forty-five (45) calendar days, after such person or party ceases to be engaged in the conduct of this litigation.

(b) The provisions of this Stipulated Protective Order shall remain in full force and effect as to any person or party who previously had access to any Confidential Material, except as may be specifically ordered by the Court or consented to by the Producing Party.

**18.** **Procedures Upon Termination of Litigation.**

(a) Within sixty (60) calendar days after the conclusion in its entirety of the last to conclude of this litigation, after all appeals periods have expired or execution of a settlement agreement finally disposing of the action ("Termination of the Litigation"), all parties to whom Confidential Material were produced shall return such material to counsel for the Producing Party or destroy such material in a manner that ensures that it will not be disclosed to or disseminated or recovered by any person, and shall certify their compliance with this provision by affidavit.

(b) All Confidential Material returned to the parties or their counsel by the Court shall also be disposed of in accordance with the terms of this Paragraph 18. Outside counsel for the parties (as identified in Paragraph 5(a)(i)) shall be entitled to retain all court papers, deposition and trial transcripts, exhibits used in affidavits, at depositions and at trial, and attorney work product (except for certain litigation databases, as set forth in the second sentence of this subparagraph), including such materials containing, quoting, discussing or analyzing Confidential Material,

-21-

AMENDED STIPULATED PROTECTIVE ORDER
CASE NO.  4:07 CV 6511 CW

<u>provided</u>, however, that such counsel, and employees of such counsel, shall not disclose such court papers, deposition and trial transcripts, exhibits or attorney work product containing Confidential Material to any third party unless, after reasonable prior notice to the Producing Party, the disclosing counsel has obtained permission pursuant to Court order or by express written agreement with the Producing Party.  Litigation databases (or portions of databases) containing either the full text of Confidential Material or abstracts thereof shall be disposed of in accordance with Paragraph 18(a), except that any portion of any such database containing materials described in the first sentence of this subparagraph may be retained by counsel for the parties.  The Confidential Material kept by counsel pursuant to this subparagraph shall be maintained in accordance with the terms of this Stipulated Protective Order, including, but not limited to, the restrictions of Paragraphs 5, 8, 10, 14, 15 and 18.

> **19.    <u>Survival of Termination of the Litigation.</u>**

This Stipulated Protective Order shall survive the Termination of the Litigation and the Court shall retain jurisdiction to enforce its terms and to make such amendments and modifications to this Stipulated Protective Order as may be appropriate.  Notwithstanding the foregoing, a Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of this Stipulated Protective Order.

> **20.    <u>Injunctive Relief.</u>**

In the event anyone shall violate or threaten to violate the terms of this Stipulated Protective Order, the Parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person.

> **21.    <u>Additional Parties.</u>**

In the event an additional party joins or is joined in this litigation, said additional party shall not have access to Confidential Material until the newly joined party by its counsel has

executed and filed with the Court its agreement to be fully bound by this Stipulated Protective Order or until other appropriate arrangements have been made for the protection of Confidential Material with respect to the newly joined party.

22. **Modifications to Stipulated Protective Order.**

Any Party may, on motion or other request to the Court and for good cause shown, seek a modification of this Stipulated Protective Order, and, by its agreement to this Stipulated Protective Order, no Party shall be deemed to have waived the right to modifications later sought by such Party.  No modification in this Stipulated Protective Order that adversely affects the protection of any document produced or given by a non-party in this case shall be made without giving to that non-party appropriate notice and opportunity to be heard by the Court.  Nothing in this Stipulated Protective Order shall limit the Parties' ability to stipulate to the receipt of Confidential Material by a particular individual, to the manner in which an individual may receive such information, whether or not such individuals are listed under Paragraphs 5(a)(i)-5(a)(viii), or to modifications to deadlines required by this order.

23. **Limits of Stipulated Protective Order.**

Entering into, agreeing to or producing or receiving Confidential Material or otherwise complying with the terms of this Stipulated Protective Order shall not:

(a)     operate as an admission or concession by any Party that any Confidential Material (or other Produced Material) reflects, or does not reflect, confidential or proprietary information, any trade secrets, or otherwise sensitive information or other type of confidential information;

(b)     prevent the Parties to this Stipulation and Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any Confidential Material;

AMENDED STIPULATED PROTECTIVE ORDER
CASE NO.  4:07 CV 6511 CW

(c)      prejudice in any way the rights of a Party to object to any discovery request seeking production of material it considers not subject to discovery on any ground permitted by the Federal Rules of Civil Procedure of Rules of this Court, including any applicable privilege;

(d)      prejudice in any way the rights of a Party to seek a determination by the Court that particular materials be produced;

(e)      prejudice in any way the rights of a Party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Stipulated Protective Order;

(f)  prejudice in any way the rights of a Party to apply to the Court for further protective orders, including a higher level of protection then provided for by this Stipulated Protective Order; nor

(g)      prejudice in any way the rights of a Party to seek modification of this Stipulated Protective Order upon due notice to all Parties and affected non-parties.

**24.**      **Jurisdiction of the Court.**

The Parties, all persons subject to discovery in these proceedings and all persons who receive Confidential Material pursuant to this Stipulated Protective Order, consent to and shall be subject to the jurisdiction of this Court in any proceeding relating to performance under, compliance with, or violation of this Stipulated Protective Order.  The Court hereby retains jurisdiction to interpret and enforce this Stipulated Protective Order during the pendency of this action and following dismissal, if any, and further retains jurisdiction to modify, amend or make additions to this Order as it may from time to time deem appropriate.

1

Respectfully submitted,

2

Dated: September 18, 2008                    Dated: September 18, 2008

3

4

By: _/s/ Peter H. Kang_                  By: _/s/ William E. Devitt_
       PETER H. KANG (SBN 158101)              Perry R. Clark (SB No. 197101)

5

       pkang@sidley.com                        KIRKLAND & ELLIS LLP
       MARC R. ASCOLESE (SBN 251397)           555 California Street

6

       mascolese@sidley.com                    San Francisco, California 94104

7

       SIDLEY AUSTIN LLP                       Telephone: (415) 439-1400
       555 California Street, Suite 2000       Facsimile: (415) 439-1500

8

       San Francisco, CA  94104-1715

9

       Telephone:     415-772-1200
       Facsimile:     415-772-7400             William A Streff, Jr., P.C.

10

                                               wstreff@kirkland.com
       DAVID T. PRITIKIN (*pro hac vice*)      William E. Devitt, P.C.

11

       dpritikin@sidley.com                    wdevitt@kirkland.com
       SIDLEY AUSTIN LLP                       Mark L. Varboncouer

12

       One South Dearborn                      mvarboncouer@kirkland.com
       Chicago, IL  60603                      KIRKLAND & ELLIS LLP

13

       Telephone:     312-853-7000             200 E. Randolph Drive
       Facsimile:     312-853-7036             Chicago, IL  60601

14

                                               Telephone:  (312) 861-2000
                                               Facsimile:  (312) 861-2200

15

       THOMAS N. TARNAY (*pro hac vice*)
       ttarnay@sidley.com                      ***Counsel for Defendants Hitachi, Ltd.,***

16

       SIDLEY AUSTIN LLP                       ***Hitachi America, Ltd., Hitachi Data***
       717 N. Harwood, Suite 3400              ***Systems Corporation, and Hitachi Computer***

17

       Dallas, TX  75201                       ***Products (America), Inc.***
       Telephone:     214-981-3300

18

       Facsimile:     214-981-3400

19

       ***Counsel for Plaintiff LG Electronics,***

20

       ***Inc.***

21

22

By: _/s/ Scott R. Mosko_

23

       Scott R. Mosko (SBN 106070)
       scott.mosko@finnegan.com

24

       FINNEGAN, HENDERSON,
       FARABOW, GARRETT & DUNNER,

25

       LLP
       Stanford Research Park

26

       3300 Hillview Avenue
       Palo Alto, CA 94304

27

       Telephone:  (650) 849-6600
       Facsimile:  (650) 849-6666

28

-25-

AMENDED STIPULATED PROTECTIVE ORDER
CASE NO.  4:07 CV 6511 CW

1

2

Of Counsel

3   Vincent P. Kovalick (*pro hac vice pending*)

4   vince.kovalick@finnegan.com
    Christopher T. Blackford (*pro hac vice

5   pending*)
    christopher.blackford@finnegan.com

6   Lei Mei (SBN 240104)
    lei.mei@finnegan.com

7   FINNEGAN, HENDERSON,

8   FARABOW, GARRETT & DUNNER,
    LLP

9   901 New York Avenue, NW

10  Washington, DC 20001-4413
    Telephone:  (202) 408-4000

11  Facsimile:  (202) 408-4400

12  Andrew C. Sonu (*pro hac vice pending*)
    andy.sonu@finnegan.com

13  FINNEGAN, HENDERSON,

14  FARABOW, GARRETT & DUNNER,
    LLP

15  Two Freedom Square
    11955 Freedom Drive

16  Reston, VA 20190
    Telephone:  (571) 203-2749

17  Facsimile:  (202) 408-4400

18

19  ***Counsel for Plaintiff LG Electronics,
    Inc.***

20

21  Entered on this 24th day of September, 2008.

22

23  _____
                Hon. Claudia Wilken

24          United States District Judge

25

26

27

28

-26-

1

## SIGNATURE ATTESTATION

2

3           I am the ECF User whose identification and password are being used to file the foregoing

4     **AMENDED STIPULATED PROTECTIVE ORDER**.  In compliance with General Order

5     45.X.B., I hereby attest that the other signatory has concurred in this filing.

6

7     Dated:  September 18, 2008                     FINNEGAN, HENDERSON, FARABOW,
                                                      GARRETT & DUNNER, LLP
8
                                                      By:  /s/ Scott R. Mosko
9                                                     Scott R. Mosko
                                                      FINNEGAN, HENDERSON, FARABOW,
10                                                    GARRETT & DUNNER, LLP
                                                      Stanford Research Park
11                                                    3300 Hillview Avenue
                                                      Palo Alto, CA 94304
12                                                    Telephone:  (650) 849-6600
                                                      Facsimile:  (650) 849-6666
13

14
                                                      Attorneys for Plaintiff LG Electronics, Inc.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED STIPULATED PROTECTIVE ORDER
CASE NO.  4:07 CV 6511 CW

Exhibit A

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| LG ELECTRONICS, INC., ) | Case No:      4:07 CV 6511 CW |
| )<br>Plaintiff/Counterclaim Defendant,   )<br>) | |
| v.                         )<br>) | **STIPULATED PROTECTIVE ORDER** |
| HITACHI, LTD., HITACHI AMERICA, LTD.,   )<br>HITACHI DATA SYSTEMS CORPORATION,   )<br>and HITACHI COMPUTER PRODUCTS   )<br>(AMERICA), INC.,                )<br>) | |
| Defendants and Counterclaimants.   )<br>) | |

**UNDERTAKING TO ABIDE BY PROTECTIVE ORDER**


I, _____, declare that my address is

_____.  My current employer is _____.  My

current occupation is _____.

    1.    I have received a copy of the Stipulated Protective Order in the above-captioned

action.  I have carefully read and understand the provisions of the Stipulated Protective Order.  I am

being designated under the Stipulated Protective Order.

    2.    I understand that I am to retain all documents or other materials designated as

"Confidential Material," that I receive pursuant to the Order, and all copies or other reproductions

thereof made by me, for me, or at my direction, in a safe and secure place and allow limited access

thereto consistent with the Order.  I understand that all such documents and materials are to remain

in my custody until I have completed my assigned duties, at which time they are to be returned to

-28-

counsel of record for the party who provided them to me.  I understand that, upon completion of my assigned duties, any materials, memoranda, work notes, or other documents derived from such documents or materials, or containing any confidentially-designated information provided in such materials, shall be destroyed.  I understand that such destruction shall not relieve me from any of the continuing obligations of confidentiality imposed upon me by the Order.

3.      I agree to notify all secretarial, clerical, or other personnel who are required to assist me in my assigned duties of the terms of the Order.

4.      I will comply with all of the provisions of the Stipulated Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of this action any information marked Confidential Material that is disclosed to me.

5.      Promptly upon termination of this action, I will return or destroy all materials containing information marked Confidential Material that came into my possession, custody or control and all documents and things that I have prepared relating thereto, to the outside attorneys for the party by whom I am employed or retained, or who noticed my deposition.

6.      I hereby submit to the jurisdiction of this Court (the United States District Court for the Northern District of California) for the purpose of enforcement of the Stipulated Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____          _____

-29-

AMENDED STIPULATED PROTECTIVE ORDER
CASE NO.  4:07 CV 6511 CW