Perry R. Clark (SB No. 197101), pclark@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone:     (415) 439-1400
Facsimile:     (415) 439-1500


William A. Streff, Jr., P.C. (IL SB No. 2753979), wstreff@kirkland.com
William E. Devitt, P.C. (Admitted *Pro Hac Vice*), wdevitt@kirkland.com
Mark Varboncouer (Admitted *Pro Hac Vice*), mvarboncouer@kirkland.com
Matthew J. Hertko (Admitted *Pro Hac Vice*), mhertko@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois  60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Attorneys for Hitachi, Ltd., Hitachi America, Ltd., Hitachi Data Systems Corporation, and Hitachi Computer Products (America), Inc.*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| **LG ELECTRONICS, INC.,** | ) |
| | ) **Case No. C 07-06511 CW** |
| Plaintiff/Counterclaim Defendant, | ) **The Honorable Claudia Wilken** |
| | ) |
| v. | ) **Hearing: July 16, 2009 at 2:00 p.m.** |
| | ) |
| **HITACHI, LTD.,** | ) **DEFENDANTS' MOTION SEEKING** |
| **HITACHI AMERICA, LTD.,** | ) **LEAVE TO FILE THEIR FOURTH** |
| **HITACHI DATA SYSTEMS CORPORATION,** | ) **AMENDED ANSWER, DEFENSES,** |
| **and HITACHI COMPUTER PRODUCTS** | ) **AND COUNTERCLAIMS** |
| **(AMERICA), INC.,** | ) |
| | ) **REDACTED** |
| | ) |
| Defendants/Counterclaim Plaintiffs. | ) **DEMAND FOR JURY TRIAL** |
| | ) |

### NOTICE OF MOTION AND MOTION

TO PLAINTIFF LG ELECTRONICS, INC. ("LGE") AND ITS ATTORNEYS: PLEASE TAKE NOTICE THAT on July 16, 2009 at 2:00 p.m., or as soon thereafter as the matter may be heard before the Honorable Claudia Wilken, defendants and counterclaimants Hitachi, Ltd., Hitachi America, Ltd., Hitachi Data Systems Corporation, and Hitachi Computer Products (America), Inc., (collectively, "the Hitachi Defendants") will and hereby do move for leave to file their Fourth Amended Answer, Defenses, and Counterclaims pursuant to Rule 15 of the Federal Rules of Civil Procedure and this Court's Order Modifying the Case Schedule, entered April 6, 2009.

The Hitachi Defendants respectfully request that the Court grant them leave under Rule 15(a)(2) of the Federal Rules of Civil Procedure to file their Fourth Amended Answer, Defenses, and Counterclaims ("Amended Answer"), attached as Exhibit A to the Devitt Declaration submitted herewith. Counsel for the Hitachi Defendants have conferred with counsel for LGE several times since late March, and have requested whether LGE would consent to, or oppose, the present Motion. *See* Devitt Decl., ¶¶ 4-8. Finally, on June 11, 2009, LGE indicated it would oppose this Motion on the grounds that the Patent Cross-License Agreement ("License Agreement") that is the basis for the Hitachi Defendants' Amended Answer contains an arbitration clause—even though LGE has no standing to invoke that arbitration clause. *See id.*, ¶ 9.

The filing of the Amended Answer will not affect any dates on the schedule for this case, including the currently set August 23, 2010 trial date.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.     INTRODUCTION.**

The Hitachi Defendants seek leave of this Court under Rule 15(a)(2) of the Federal Rules of Civil Procedure to file their Fourth Amended Answer, Defenses, and Counterclaims, which adds the following Seventeenth Affirmative Defense: "Because of the existence of a Patent Cross-License Agreement between Hitachi, Ltd. and Goldstar Electron Company, Ltd. dated June 30, 1994, LGE's claims for relief are barred at least in part under the doctrines of patent exhaustion, express license, and/or implied license." Pursuant to the Order Modifying the Case Schedule entered by the Court on

1  April 6, 2009, the last day to join parties or amend pleadings is September 4, 2009.  Accordingly,

2  this Motion is governed by Federal Rule of Civil Procedure 15(a)(2), pursuant to which "[t]he court

3  should freely give leave when justice so requires."

4        LGE has articulated no cognizable reason why Rule 15 should bar the Hitachi Defendants

5  from amending their pleading to add their Seventeenth Affirmative Defense.  LGE identified no

6  prejudice, and affirmatively stated early in discussions that it would not argue undue delay as a basis

7  for opposing this Motion.  *See* Devitt Decl., ¶ 8.  LGE has given only one reason for withholding its

8  consent:  the License Agreement contains an arbitration clause.  *See id*., ¶¶ 7-9.

9        But the License Agreement's arbitration clause can have no effect on whether this Court

10  should grant the Hitachi Defendants leave to amend their pleading under Rule 15.  LGE does not

11  even have standing to assert the License Agreement's arbitration provision, as LGE was not a

12  signatory to that agreement.  And the issue of whether a party has established grounds for leave to

13  amend under Rule 15 is separate and distinct from the hypothetical issues the Court might need to

14  address if LGE were ever to file a Motion to Compel Arbitration.  Tellingly, LGE has not yet even

15  filed a Demand for Arbitration, much less a Motion to Compel Arbitration.  *See id*., ¶ 10.

16  **II.**    **STATEMENT OF FACTS.**

17        On March 26, 2009, the Hitachi Defendants informed LGE of their intent to seek leave to file

18  their Fourth Amended Answer, Defenses, and Counterclaims to include the Seventeenth Affirmative

19  Defense.  *See id*., ¶ 4.  Approximately three weeks later—on April 15, 2009—LGE informed the

20  Hitachi Defendants that it would not oppose the present Motion if the Hitachi Defendants would

21  agree to join a proposed motion to certify the Court's March 13, 2009 Summary Judgment Order for

22  immediate appeal.  *See id*., ¶ 5.  The Hitachi Defendants do not believe that proper grounds exist to

23  support LGE's proposed motion to certify, and on April 20, 2009, the Hitachi Defendants informed

24  LGE that they would not agree to LGE's request.  *See id*., ¶ 6.  On April 21, 2009, LGE indicated

25  that it might oppose the Hitachi Defendants' Motion for Leave to Amend on the grounds that the

26  License Agreement contains an arbitration clause, but LGE did not give its final position in this

27  regard until June 11, 2009.  *See id*., ¶¶ 7-9.  LGE has not filed a Demand for Arbitration or a Motion

28

1  to Compel Arbitration.  *See id.*, ¶ 10.

### III. THE HITACHI DEFENDANTS HAVE SATISFIED RULE 15(a)(2) BECAUSE ADDING THE SEVENTEENTH AFFIRMATIVE DEFENSE CAUSES LGE NO UNDUE PREJUDICE.

Under Rule 15, leave to amend pleadings should be granted with extreme liberality. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).  A motion for leave to amend should be granted unless the party opposing the proposed amendment can show that the proposed amendment would cause undue prejudice to that party.  *Id.*  But LGE indicated that it would oppose this Motion because it apparently contends that issues relating to the License Agreement should be governed by the arbitration clause therein—***not*** because of any alleged undue prejudice to LGE from the Motion.  *See* Devitt Decl., ¶¶ 7-9.  Nor could there be any alleged prejudice (undue or otherwise) on these facts, as LGE will have had six months from the time it was first informed of the Seventeenth Affirmative Defense in which to take whatever discovery it believes is necessary with respect to the defense.  *See* Docket No. 112.  Accordingly, this Motion poses no prejudice to LGE, let alone ***undue*** prejudice.

### IV. THE ARBITRATION CLAUSE IN THE LICENSE AGREEMENT IS OF NO EFFECT BECAUSE LGE DOES NOT HAVE STANDING TO INVOKE IT.

LGE has no standing to invoke the License Agreement's arbitration clause.  LGE's stated reason for opposing the present Motion—the existence of an arbitration clause in the License Agreement—ignores the fact that arbitration clauses are personal to the parties to the original agreement that contains the arbitration clause and are not transferrable to later parties who might subsequently acquire assets of one of the parties to the original agreement.  *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1413 (9th Cir. 1990); *see also Datatreasury Corp. v. Wells Fargo & Co.*, 522 F.3d 1368, 1372-73 (Fed. Cir. 2008) (patent assignee necessarily takes patent subject to any licenses, but the assignee does not acquire the right to arbitrate).  In short, because LGE is not a signatory to the License Agreement,[1] LGE cannot enforce any arbitration clause contained in that agreement.[2]

---

[1]  Goldstar Electron Company, Ltd. and Defendant Hitachi, Ltd. are the two parties to the Patent Cross-License Agreement.  *See* Devitt Decl., Ex. B.

1
2
3
4
5
6  [redacted] Accordingly, separate and apart from the fact that LGE lacks standing to
7  assert the arbitration clause by operation of law, the License Agreement itself expressly precludes
8  LGE from claiming any "rights" under that agreement—including the "right" to arbitrate.
9      Lastly, even if LGE did have a right to compel arbitration—which it does not—the present
10 Motion should nonetheless be granted.  Such a right may be relevant to a Motion to Compel
11 Arbitration, but tellingly LGE has filed no such motion in this case.  *See* Devitt Decl., ¶ 10.  Indeed,
12 LGE has not yet even filed a Demand for Arbitration.  *Id.*  Hypothetical arguments that LGE may or
13 may not raise in a Motion to Compel Arbitration that LGE may or may not file (for arbitration of
14 unspecified claims or defenses for which LGE has not yet even filed a Demand for Arbitration) are
15 simply not a proper subject of this Motion.

16 **V.    CONCLUSION.**

17     The Hitachi Defendants' amendment of their pleading would cause LGE no undue prejudice,
18 and the License Agreement's arbitration clause has no bearing on the present Motion for the reasons
19 provided above.  Accordingly, the Hitachi Defendants respectfully request that this Court grant them
20 leave to file their Fourth Amended Answer, Defenses, and Counterclaims pursuant to Federal Rule
21 of Civil Procedure 15(a)(2).

22

---

[2] LGE likewise cannot claim standing to invoke the Agreement's arbitration clause as an intended third-party beneficiary of the Patent Cross-License Agreement because the Agreement does not indicate that the parties entered it for the purpose of creating a direct benefit to LGE.  *See E.I. DuPont de Nemours and Co. v. Rhone Poulenc Fiber and Resin Intermediates, S.A.S.*, 269 F.3d 187, 196 (3d Cir. 2001); *see also Madeira v. Affordable Housing Found., Inc.*, 469 F.3d 219, 251-52 (2d Cir. 2006) (noting that New York law requires that an intended third-party beneficiary must show that "the contract was intended for his benefit").  Nor are there any other circumstances that would permit LGE to demand arbitration.

Dated:  June 11, 2009

Respectfully submitted,
/s/ Matthew J. Hertko
Perry R. Clark
State Bar No. 197101
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone:  (415) 439-1400
Facsimile:  (415) 439-1500
E mail:  pclark@kirkland.com

William A Streff, Jr., P.C.
William E. Devitt, P.C.
Mark L. Varboncouer
Matthew J. Hertko
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200

*Attorneys for Hitachi, Ltd., Hitachi America, Ltd., Hitachi Data Systems Corporation, and Hitachi Computer Products (America), Inc.*

DEFENDANTS' MOTION SEEKING LEAVE TO FILE THEIR FOURTH AMENDED ANSWER, DEFENSES, AND COUNTERCLAIMS
Case No. C 07-06511 CW
-5-

**CERTIFICATE OF SERVICE**

The undersigned certifies that pursuant to Civil L.R. 5-5 and 5-6, **DEFENDANTS' MOTION SEEKING LEAVE TO FILE THEIR FOURTH AMENDED ANSWER, DEFENSES, AND COUNTERCLAIMS** and accompanying documents were filed electronically and, accordingly, were served on the following pursuant to Fed. R. Civ. P. 5(b)(2)(E):

| | |
|---|---|
| Scott R. Mosko (scott.mosko@finnegan.com) FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP Stanford Research Park 3300 Hillview Avenue Palo Alto, CA 94303 Telephone: (650) 849-6600 Facsimile: (650) 849-6666 | Vincent P. Kovalick (vince.kovalick@finnegan.com) Christopher T. Blackford (christopher.blackford@finnegan.com) FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP 901 New York Avenue, NW Washington, DC 20001-4413 Telephone: (202) 408-4000 Facsimile: (202) 408-4400 |
| Andrew C. Sonu (andy.sonu@finnegan.com) FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP Two Freedom Square 11955 Freedom Drive Reston, VA 20190 Telephone: (571) 203-2749 Facsimile: (202) 408-4400 | Peter H. Kang (pkang@sidley.com) Marc R. Ascolese (mascolese@sidley.com) SIDLEY AUSTIN LLP 555 California Street Suite 2000 San Francisco, CA 94104-1715 Telephone: 415-772-1200 Facsimile: 415-772-7400 |

Thomas N. Tarnay (ttarnay@sidley.com)
SIDLEY AUSTIN LLP
717 N. Harwood
Suite 3400
Dallas, TX 75201
Telephone: 214-981-3300
Facsimile: 214-981-3400

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 11, 2009 in Chicago, Illinois.

/s/ Matthew J. Hertko

Matthew J. Hertko